## STANLEY et al. v. MARTIN WAGON CO. et al.

### No. 2003.

Court of Civil Appeals of Texas. Beaumont.
May 1, 1931.

Rehearing Denied June 3, 1931.

Adams & Hamilton, of Jasper, and Tom F. Coleman, of Lufkin, for appellants.

E. Y. Boynton, of Waco, and Mantooth & Denman, of Lufkin, for appellees.

WALKER, J.

Appellants sued appellees in trespass to try title for a certain tract of land described by them by metes and bounds, alleging that it was on either the Dennis Lyons or the R. H. Dowman survey in Jasper county. They also alleged that defendants, through their agents, had forcibly ejected them from the land in controversy, burned their improvements, and caused damage to certain other personal property. They also sued for exemplary damages. The theory of their suit was that, if they did not own the land, then they were tenants of appellees with the right to remove their improvements which appellees, having ejected appellants from the land in controversy, had burned. Of defendants'

answer it is sufficient to say, in view of the disposition we are making of the case, that they pleaded not guilty. Upon the trial the following issues were made by the testimony: First, ownership of the land; second, ownership of the improvements separate from the ownership of the land; third, the value of the improvements; fourth, exemplary damages. Appellants filed no exceptions to the court's charge. Answering special issues, the jury found that the land in controversy belonged to appellees. We give in full the following questions with the jury's answers thereto:

"Question No. 13. Who was the owner or owners of the Stanley building at the time it was burned on December 21st 1926? You will answer this question by naming the owner or owners as you may find the facts to be." Answer: "Wm. Cameron Lmbr. Co."

"Question No. 14. What was the reasonable cash market value of the Stanley building at the time it was burned on December 21st 1926? You will answer this question by stating the value in dollars in cents." Answer: "$500.00."

"Question No. 15. Are the defendants, William Cameron & Co. Inc., and Martin Wagon Company or either of them, liable in exemplary damages for the burning of the Stanley building on or about December 21st 1926? You will answer this question yes or no as you may find the fact to be." Answer: "Yes".

"Question No. 16. Whom do you find liable in exemplary damages for the burning of the Stanley building on said date? You will answer this question by naming the company or companies, as you may find the fact to be." Answer: "Wm. Cameron Lbr. Co. Inc."

"Question No. 17. What amount of exemplary damages, if any, should be assessed for the burning of the Stanley building? You will answer this question by stating the amount." Answer: "$2,500."

On the verdict appellants moved that judgment be rendered for appellees for the land on condition that they be awarded judgment for the value of the improvements in the sum of $500 and for the $2,500 exemplary damages found in their favor in answer to question 17. Appellees moved for a general judgment in their behalf. Upon consideration of these motions the trial court in all respects overruled appellants' motion and granted appellees' motion. Thereupon appellants filed motion for new trial, asking the court to set aside the verdict of the jury because of the conflict between the answer to question 13, vesting the title of the Stanley building in appellees, and the answers to the other questions, awarding appellants $2,500 exemplary damages. This motion was overruled, to

which appellants duly excepted and prosecuted their appeal to this court.

### Opinion.

■ Appellants present as fundamental error the failure of the court to submit certain issues which they say were raised both by their pleadings and by their evidence. Appellants did not except to the court's charge for the failure to submit these issues, nor did they request their submission by affirmative charges. These assignments do not constitute error. By not requesting the submission of these issues or excepting to the failure of the court to submit them, they were waived. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084. All objections to the verdict in favor of appellees on the issue of title were thus presented as fundamental error, and must therefore be overruled. It follows that, in so far as appellees were awarded title to the land in controversy, the judgment of the lower court should be affirmed.

■ Notwithstanding the answer to question 13, appellants contend that they should have judgment for the value of their improvements, described in question 13 as "the Stanley building." The jury fixed the value of this building, by its answer to question 14, at $500. They also insist that the court erred in refusing to render judgment in their favor for the $2,500 exemplary damages, found in answer to question 17. In support of this contention, they say that the undisputed proof was that they owned the building under their lease contract with appellants, which gave them the right to remove their improvements; and, as the answer to this question was without support, that it should be ignored. This contention cannot be sustained. The issue went to the jury, and, the court having received the verdict, the answer was a bar to appellants' right to have judgment for the value of the building. They could have relief against the verdict only by a new trial, for which they in fact prayed, but their motion was overruled.

■ With this verdict against them they cannot have judgment for the exemplary damages found in their favor, because exemplary damages have no basis of support except where actual damages have been found in favor of the claimant. So it follows that appellants cannot have judgment for the $500, the value of the Stanley building, because of the answer to question 13, and cannot have judgment for their exemplary damages because no actual damages were found in their favor.

■ However, alternatively, appellants pray that the judgment of the lower court be reversed because of a conflict between the answers to the questions copied above. This proposition must be sustained. There is an irreconcilable conflict between the answer to question 13, vesting title to the building in appellees, and the answer to question 17, awarding appellants exemplary damages in the sum of $2,500. The answer to question 17, awarding appellants exemplary damages, necessarily rested upon a conclusion by the jury that the Stanley building, notwithstanding their answer to question 13, belonged to appellants. This is so because appellants' claim for exemplary damages rested upon their plea that they owned the Stanley building and that appellees had willfully and maliciously burned it.

It follows that the judgment of the lower court, in so far as appellees were awarded title to the land in controversy, should be affirmed, and that, in so far as appellants were denied judgment for the value of the Stanley building and for the exemplary damages, it should be reversed, and the cause remanded for a new trial, wtih instructions to try this issue as between appellants and appellee Wm. Cameron & Co.

Affirmed in part; reversed and remanded in part, with instructions.