**PIPER et al. v, DUNCAN.**

No. 12738.

Court of Civil Appeals of Texas. Dallas.

June 24, 1939.

Rehearing Denied Aug. 2, 1939.

Jack C. Burroughs and Clayton E. McCutcheon, both of Dallas, for appellants.

McCombs & Andress, of Dallas, for appellee.

LOONEY, Justice.

J. M. Duncan sued E. M. Piper, Dick Piper, and C. S. Williamson, individually and as partners, doing business under the firm name of E. M. Piper Auto Company, to recover damages for the alleged conversion of an automobile and for actual and exemplary damages, because of an alleged malicious prosecution and false imprisonment.

This is the second appearance of this case in this court; the first appeal was from a judgment of dismissal, after the trial court sustained a general demurrer to appellee's petition. We reversed and remanded the cause for trial. The case is reported in 79 S.W.2d 172–175, and is referred to for a complete and accurate statement of the nature of the case.

The second trial resulted in a judgment, based upon jury findings, in favor of appellee, for $106 plus interest, as damages for the alleged conversion of the automobile (being its net value after deducting the balance appellee owed appellants on the car), and $1,500 as exemplary damages, for the alleged malicious prosecution and false imprisonment (the jury having found that plaintiff suffered no actual damages), the total being $1,642.50, which was later reduced by a remittitur of $750 (half of the amount of exemplary damages found); from this judgment, the appeal was prosecuted.

The parties have filed exhaustive briefs, but, in view of the disposition we make of the case, it will not be necessary to discuss but one proposition. Although appellee urges a number of objections to the consideration of appellants' brief, we hold that the question discussed has been properly raised

and briefed, therefore, overrule the objections.

Appellants contend that, as the jury found against appellee, denying recovery of actual damages for the alleged malicious prosecution and false imprisonment, the finding in his favor of exemplary damages was unauthorized and cannot stand.

We sustain this contention. The doctrine is well settled in this state, that there can be no recovery of exemplary damages on an alleged cause of action, in the absence of a recovery of actual damages therein. Martin, et al. v. Kieschnick et al., Tex.Com.App., 231 S.W. 330; Texas & N. O. R. Co. v. Adams, Tex.Civ.App., 27 S.W.2d 331; First Nat. Bank of Littlefield v. Cooper, Tex.Civ.App., 12 S.W.2d 271; Beckham v. Collins, 54 Tex.Civ.App. 241, 117 S.W. 431; Fort Worth Elevators Co. v. Russell et al., 123 Tex. 128, 70 S.W.2d 397; Stanley et al. v. Martin Wagon Co. et al., Tex.Civ.App., 39 S.W.2d 127; Giraud v. Moore, 86 Tex. 675, 26 S.W. 945; State Nat. Bank of Iowa Park, Tex. v. Rogers, Tex.Civ.App., 89 S.W.2d 825; Sanders v. O'Connor, Tex.Civ.App., 98 S.W.2d 401; 13 Texas Jurisprudence, pg. 240, para. 132.

Appellee contends, however, that in fact he recovered actual damages, in that, he was awarded $106 damages for the conversion of the automobile, therefore, the finding in his favor of exemplary damages should be sustained, even under the doctrine announced in the authorities cited. We do not think so. Exemplary damages are not allowed as a matter of right or as compensation, but as an incident to and an enhancement of the actual damages, as punishment for the wanton malicious or oppressive conduct, of which complaint is made.

In the instant case, the wanton malicious and oppressive conduct complained of, for which actual and exemplary damages were sought, was the malicious prosecution and false imprisonment of appellee by the appellants, the same being distinct from and not an incident to the conversion of the automobile. Appellee's petition contained two counts; one sought damages for the conversion of the automobile, alleging that his damages amounted to $350 over and above the indebtedness due appellants on the car; the other set out at length, his arrest and incarceration in jail, alleging his actual damages to be $2,000 and, after appropriate allegations, also sought recovery of $2,000 exemplary damages; praying that, on final hearing, he have judgment against appellants and each of them, for $4,000, actual and exemplary damages, and for general relief. It is true that, no specific prayer was made for the recovery of damages for the conversion of the automobile, however, the prayer for general relief was sufficient to authorize recovery thereof, such being consistent with the cause of action as alleged, and not inconsistent with the specific relief sought.

The trial court submitted the case on that theory, requiring the jury to find (1) the reasonable market value of the automobile on the date of the conversion, also balance of the indebtedness due on the car by appellee to appellants on that date, the difference being $106, which, plus interest, was allowed as actual damages for the conversion. The court then separately submitted the question of actual damages, if any, suffered by appellee, as result of his arrest and confinement; to this issue, the jury answered that appellee suffered no actual damages, and this was followed by the issue asking the jury to find the amount, if any, that should be allowed appellee as exemplary damages; to this, the jury answered, $1,500.

We do not think there should exist any diversity of opinion as to the nature of appellee's suit; nor do we think it can be correctly said that, the actual damages found in his favor for the conversion of the automobile, were an incident or in any legal sense related to or grew out of his cause of action, for malicious prosecution and false imprisonment. To conclude, we are of opinion that the judgment, in so far as it is based upon exemplary damages, is erroneous and should be and is reformed, by deducting therefrom $750 and, as reformed, is affirmed. All other assignments and propositions are overruled. The cost of the court below will be taxed against appellants, and all costs incident to the appeal will be taxed against appellee.

Reformed and affirmed.