### SUPERIOR LLOYDS OF AMERICA v. BOESCH LOAN CO.

No. 13936.

Court of Civil Appeals of Texas.
Fort Worth.

June 30, 1939.

W. Potter Bondies, of Dallas, for appellant.

Austin F. Anderson, of Fort Worth, for appellee.

BROWN, Justice.

A. L. Miller and wife, Viola, purchased an automobile and gave a mortgage thereupon to the seller, one Clyde Sellers, who endorsed the purchase money notes secured by the mortgage to Motor Investment Company, and the vehicle was insured by Superior Lloyds of America, with loss clause payable to said Investment Company as its interest appeared.

The debt was refinanced by appellee, Boesch Loan Company, in September, 1937, and a new note and mortgage was executed for the remaining portion of the unpaid purchase price.

Being notified by appellee, Boesch Loan Company, of its ownership of the debt and mortgage lien, the Insurance Company, appellant here, prepared and sent a "rider" or certificate to said appellee, which made the policy payable to said appellee, as its interest appeared, and the "rider" stipulates that it is effective from 12:01 A. M., October 18th, 1937.

The automobile was wrecked in a collision with a freight train late in the evening of October 18th, 1937. The Millers were severely injured in the collision and were unable to give the insurer the "notice" provided for in the policy, but Boesch Loan Company gave the notice.

It appears that no proof of loss was prepared or attempted to be prepared and furnished to the insurer, by either the Millers or Boesch Loan Company. It further appears that the Millers settled with the railroad company and released it from all damages and claims that accrued to the Millers for the sum of $250.

The insurer never paid to either the Millers or the mortgagee, Boesch Loan Company, anything by reason of the insurance policy, and on May 14th, 1938, Boesch Loan Company filed suit against Superior Lloyds of America and the Millers, declaring upon the promissory note and mortgage executed by the Millers and upon the insurance policy aforesaid, and in the alternative that if it be held that Boesch Loan Company is not the beneficiary in the policy, that then because of its equitable lien upon the proceeds of the policy it is entitled to recover against said insurer.

The Insurance Company urged a plea in abatement and set up the provisions of the policy, which require notice of loss and proof of loss and make the loss, if any, payable 60 days after compliance with the policy provisions, and alleged that neither the insured nor any other person had ever complied with such provisions.

It was also urged that the policy provision against liens and encumbrances had been violated; that the rider furnished Boesch Loan Company was executed after the loss had occurred, and appellant also presented a general demurrer and a general denial.

The cause was tried to the court and judgment was rendered for Boesch Loan Company against the said Insurance Company and A. L. Miller, jointly and severally, in the sum of $329.18, with 6% interest from date of the judgment.

The Superior Lloyds of America alone has appealed.

The plaintiff did not allege that it or the insured Miller ever gave notice of the loss, or that they, or either of them, ever made proof of loss, neither was it alleged that the Insurance Company had waived either or both such policy requirements.

These provisions of the contract are couched in language that has been approved and found to be in consonance with the Insurance Laws of Texas.

Mr. Justice Sharp, speaking for the Commission of Appeals, in the case of Federal Surety Company v. Smith, 41 S.W. 2d 210, 213, reviews many authorities, and states unequivocally that the rule is well recognized that an insurance company has the right to stipulate that proofs of loss be furnished within a reasonable time and upon reasonable terms and to provide certain conditions to enforce a compliance with such provisions. Justice Sharp said: "There is nothing illegal in such contract. It was the duty of the insured, if he desired to avoid the provisions of the policy, to show a waiver or a substantial compliance with the terms of the insurance policy. The policy required the insured to furnish proofs of loss within a specified time, and it is held that a compliance with the requirement is a condition precedent to a recovery, unless waived by the company. * * * The law places the burden of proving all the essential elements of a waiver on the plaintiff. The burden rested upon plaintiff to allege and prove that he had complied with the provisions of the policy with reference to the furnishing of proofs of loss as a condition precedent to a recovery or show that the insurance company had by its acts waived a compliance therewith." .

The plea in abatement was well taken and should have been sustained.

Let it be understood that we do not hold that the notice of loss and proof of loss must be made by the insured in this case. The insured gave a mortgage on the automobile to Boesch Loan Company and in the event the said mortgagor failed to comply with the provisions of the policy it was both the duty and privilege of the mortgagee to furnish the proof. This, Boesch Loan Company did not do, and it failed to make any allegation with reference thereto. Cooley's Briefs on Insurance, Vol. 7, Second Edition, paragraph (c), pages 5776 to 5779, inclusive.

We see no necessity for discussing any other issue raised in this county court case.

The judgment of the trial court in favor of Boesch Loan Company against Superior Lloyds of America is reversed and the suit as against appellant is remanded to the trial

court with instructions to sustain said plea in abatement.

The judgment against A. L. Miller and the judgment in favor of Mrs. Viola Miller will not be disturbed, no appeal having been taken from same.