**MARTIN et al. v. TRADERS & GENERAL INS. CO.**

No. 12565.

Court of Civil Appeals of Texas. Galveston.

May 7, 1953.

Rehearing Denied May 28, 1953.

Brann Fuller, P. V. Myers, Tom Sanders, Allen P. Fannin, and Nowlin Randolph, Houston, for appellants.

F. Warren Hicks, Houston, for appellee.

CODY, Justice.

This suit was instituted by Donna Martin, the widow and administratrix of the estate of H. N. Martin, who was the insured in a public liability policy of insurance issued by appellee, Traders and General Insurance Company, to compel said company to pay off a default judgment which had been obtained by J. M. Simmons et ux. against the insured, H. N. Martin, in cause No. 362,213 in the 11th District Court of Harris County. Said default judgment was for damages sustained by the aforesaid J. M. Simmons and wife by reason of the death of their five year old daughter which resulted from being struck down by the automobile driven by aforesaid H. N. Martin. The said J. M. Simmons and wife prior to the institution of this present suit, submitted the aforesaid default judgment as a claim to the administratrix of the estate of H. N. Martin and had it approved and intervened in this suit joining plaintiff in undertaking to compel appellee to pay the amount of said default judgment. Appellee defended against said suit on the ground that the insured, H. N. Martin, failed to notify appellee that the suit in which the aforesaid default judgment was obtained had been brought and had failed to deliver the citations which had been served upon him in said suit.

The plaintiffs and the intervenors on the one hand and the defendant insurer on the other seasonably urged motions for directed verdicts, which were refused. And the court then submitted the case to the jury on a special issue, reading: "Do you find from a preponderance of the evidence that plaintiff, Mrs. Donna Martin, delivered to Lloyd A. Innerarity [an adjuster from the Dallas office of the insurer], the citation that was served upon H. N. Martin in the case of J. M. Simmons and wife, versus H. N. Martin, et al.?" to which the jury answered, "We do not." Upon the jury's verdict the court rendered judgment that plaintiffs and intervenors take nothing, who,

as appellants, predicate their appeal upon four points complaining of the refusal of the court to direct the verdict in their favor, of the refusal of the court to give two of their requested special issues, and of the special issue which is set out above and which the court did give.

We overrule appellants' first point complaining of the refusal of the court to direct a verdict in their favor. The policy of insurance which was issued to H. N. Martin by appellee was written upon the standard form of public liability automobile policy, and contained, among the conditions subject to which it was issued and received, the provision reading: "If claim is made or suit is brought against the insured, the insured shall immediately forward to the Company every demand, notice, summons or other process received by him or his representative." And, as noted above, the appellee defended upon the ground that liability under the policy was conditioned, among other things, upon the quoted condition and that said condition was violated by the insured.

It is true that the evidence showed that the insurer learned of the accident in December, 1948, and made an investigation of the facts. Indeed, the evidence showed that the insured received a letter from the attorneys of J. M. Simmons and wife in December, 1948, notifying him of the contemplated suit to be filed for damages on account of the death of their daughter. Mrs. Martin, the wife of the insured, notified the office of the insurance agents, from whom they obtained the policy of insurance, of the receipt of said letter and she was notified by them to forward said letter, which she did and the letter was thereafter forwarded to the Dallas office of the insurer. Thereafter, and before the suit in which the default judgment was taken was filed, a representative of the insurer discussed the possibility of a settlement with the attorneys of J. M. Simmons and wife but no conclusion was reached.

Appellants offered proof to the effect that Mrs. Martin (plaintiff in the present suit) turned over to an adjuster, who was employed by the insurer and who worked out of the Dallas office and who went out to

the filling station which was operated by her and her husband, the citations in the suit in which the default judgment was taken; that the citations were so delivered to said adjuster in January, 1949; that she never saw this adjuster but twice, the second time she saw him being in August, 1949, some 3½ months after the aforesaid default judgment was taken. The evidence showed that Mrs. Martin did not know the name of said adjuster to whom she testified she had delivered the citations. But from her testimony it was established that only two adjusters had ever called on Mrs. Martin, one of whom she knew by name (namely, one Wilson) and who worked out of the insurer's Houston office. From Mrs. Martin's testimony reasonable men could only conclude that the name of the adjuster to whom she testified she delivered the citations (and whose name she did not know) was Lloyd A. Innerarity, who worked out of the insurer's Dallas office.

■■ It is well settled that it is competent for the parties to an insurance contract to agree that the policy of insurance be made subject to certain conditions precedent to any liability under the policy. The provision of the policy quoted above constituted such a condition precedent to the insurer's liability. See Superior Lloyds of America v. Boesch Loan Co., Tex.Civ.App., 130 S.W.2d 1036; Graves v. Southern Underwriters, Tex.Civ.App., 130 S.W.2d 360; Travelers' Insurance Co. of Hartford, Conn. v. Scott, Tex.Civ.App., 218 S.W. 53 (writ refused); Texas Glass & Paint Co. v. Fidelity & Deposit Co. of Maryland, Tex. Com.App., 244 S.W. 113; McKay v. American Central Insurance Co., Tex.Civ.App., 245 S.W.2d 529; New Amsterdam Casualty Co. v. Hamblen, 144 Tex. 306, 190 S.W.2d 56.

■ The only fact issue, under the evidence, which was in dispute between the parties to this suit, was whether or not Mrs. Martin had delivered the citations to an adjuster of the insurer. We have very carefully considered the evidence and find that the only notice of suit having been filed against the insured, which was given to the insurer by the insured, was testified to by Mrs. Martin. And her testimony went no further than her statement that she had turned over the citations to one of appellee's adjusters. The evidence of appellee was to the effect that it never learned that any suit had been filed against the insured. Appellee offered evidence, which, if believed by the jury, showed that it would have been impossible for Mrs. Martin to have turned over the citations to Lloyd A. Innerarity at the time she testified that she did; and appellee also offered evidence of prior inconsistent statements by Mrs. Martin. The court did not err in giving the special issue which was submitted to the jury.

■ The court properly refused to give the intervenors' requested special issue No. 1, inquiring as to whether Mrs. Martin delivered to "the defendant Traders and General Insurance Company, or any of its duly authorized representatives, citations issued out of suit numbered F–362–213, styled J. M. Simmons and wife, Thelma Simmons, Plaintiffs, vs. H. N. Martin" et al. Had said requested special issue been given, the jury would have been allowed to speculate and conjecture as to whether Mrs. Martin might not have delivered the citations to some unspecified individual who might have been representing the insurer, whereas, the only evidence that Mrs. Martin had delivered said citations to an adjuster of the insurer, was as stated above.

In any event, as stated above, the representative of the insurer to whom she contended she had delivered the citations was identified as a matter of law as Innerarity.

Without further extending this opinion, we find that all of appellants' points should be overruled.

Judgment is affirmed.