**GENERAL INSURANCE CORPORATION,**
Appellant,

v.

**R. G. HARRIS, Appellee.**

No. 15521.

Court of Civil Appeals of Texas.

Dallas.

July 17, 1959.

Jackson, Walker, Winstead, Cantwell & Miller and Fred H. Benners, Dallas, for appellant.

Brundidge, Fountain, Elliott & Bateman and Roger A. Hansen, Dallas, for appellee.

DIXON, Chief Justice.

General Insurance Corporation has appealed from a judgment against it for $4,085.25 rendered in a suit filed by appellee R. G. Harris based on an insurance policy covering liability for accidental bodily injury.

In August 1951 Harris purchased a farm of about 114 acres on which one Robert E. Hill was a tenant claiming a right of possession. Harris filed a forcible entry and detainer suit against Hill. In a trial de novo following appeal to the County Court at Law Hill prevailed and was awarded a judgment establishing his right of possession as a tenant.

After judgment had been rendered in his favor in the forcible entry and detainer suit Hill, the tenant, sued Harris for damages. In his original petition filed August 1, 1953 Hill alleged that Harris and his employees willfully, wantonly and maliciously tore down certain fences and moved others; that he built a dam which flooded about 25 acres of pasture land; and that because of the cutting of the fences some of Hill's cattle got loose and his wife endeavored to chase and round up the cattle, which effort caused a heart attack from which she later died. Hill sued for $3,245 property damage, $5,000 for the death of Mrs. Hill, and $25,000 exemplary damages—a total of $33,245.

Harris' liability policy carried by General Insurance Corporation contained a provision obligating General Insurance Corporation to defend any suit against Harris seeking recovery for bodily injuries, including death, caused by accident.

Harris sent the citation which had been served on him together with a copy of Hill's original petition to appellant General Insurance Corporation. Appellant declined to defend the suit for Harris, asserting that its policy did not cover property damage at all, and covered bodily injury only when sustained as a result of accident, not when caused by willful and wanton acts on the part of insured. Harris thereupon employed attorneys of his own and filed his answer to Hill's suit.

Sometime later Hill filed his first amended original petition. In this pleading he sued for $600 additional feed bill in taking care of his cattle, an expense allegedly caused by the conversion to his own use by Harris of 50 acres of grazing land; for $200 additional feed bill allegedly caused by the flooding of 25 acres of land after Harris built a dam across a creek; for $400 for the death of one Jersey cow, which allegedly escaped when the fence was down and was killed when hit by a truck on the highway; and for $450 as a result of willful and wrongful damage allegedly done to the fences. This made a total of $1,650 actual damages for which Hill sued—all property damage.

In his first amended original petition Hill also asked for exemplary damages. Since his allegations in this particular must be

carefully analyzed in determining the nature of his suit we herewith copy the paragraph in which he states his grounds for exemplary damages: "The plaintiff would further show that his wife, Mrs. R. E. Hill, on or about the 17th day of June, 1952, at the time and place the aforementioned cattle got out and strayed as a result of the defendant cutting the plaintiff's fences, attempted to round up the strayed cattle and get the cattle back in, and she was seized with an attack and fainted. The plaintiff subsequently got her to a doctor's office in Irving, Texas, where she was administered oxygen. She was immediately transferred to the Parkland Hospital in Dallas, and had to continue taking oxygen in transit from the doctor's office to the hospital. The plaintiff's wife was not expected to live as a result of the attack which she suffered; however, she was later released from the hospital to be ambulatory at home. She remained at home with the plaintiff until she died some months later. Plaintiff therefore alleges that the defendant's willful acts and trespasses caused him considerable grief and anxiety about his wife; and that during the plaintiff's *wife* stay in the hospital it was very difficult for him to care for his farm, cattle, and home, and keep the fences mended and in a state of repair; and that by reason of the said willful acts of trespass and the resulting grief and anxiety to the plaintiff he ask for exemplary damages, as more fully hereinafter set out."

In the prayer to this petition Hill asked for $1,650 actual damages for property loss, and $5,000 exemplary damages, making a total recovery sought of $6,650.

A copy of the first amended petition was sent to appellant General Insurance Corporation. The insurance company studied the pleadings and again refused to defend the suit in behalf of Harris, its view being that Hill's suit, as shown by the first amended petition was for property damage only, and the policy in which Harris was the insured covered only bodily injury accidently sustained, not property damage.

Thereafter Hill changed attorneys and filed three more amended petitions and at least one trial amendment. In later petitions he enlarged the scope of his allegations. In his fourth amended petition, filed February 15, 1957, Hill did allege that as a proximate result of Harris' trespasses his wife Nettie May Hill suffered bodily injuries which led to her death. In this pleading and in a trial amendment filed later, Hill sought a total recovery of $28,151 including exemplary damages. Of this total $1,460 was for actual property damage.

We shall not detail the allegations in the other amended pleadings for it is conceded that Harris did not send appellant copies of any of the amended petitions filed subsequent to Hill's first amended petition, and made no further demands on the insurance company to defend the suit filed against him by Hill. The insurance company was not aware that in the later petitions Hill had enlarged his allegations to include a claim for bodily injury accidently sustained by Mrs. Hill, including her death.

On March 1, 1957 the suit filed by Hill against Harris was settled by the payment to Hill by Harris of the sum of $3,500. The pleadings in effect at the time of the settlement were Hill's fourth amended original petition filed February 15, 1957 and a trial amendment filed February 25, 1957. Harris did not consult appellant insurance company or obtain its agreement to the settlement of Hill's suit against him. Appellant did not learn of the settlement until after the settlement had been consummated.

On June 29, 1957 Harris filed this suit against General Insurance Corporation, seeking recovery of the $3,500 he had paid to Hill plus expenses and costs incurred in the Hill suit. Harris alleged that the Hill suit against him came within coverage of his liability policy, that it was the insurance company's duty to defend the Hill suit, and

to reimburse him for the $3,500 which he had paid in the settlement. After a trial before the court without a jury, judgment was rendered June 8, 1958 in favor of Harris and against General Insurance Corporation for $4,085.

In its first point on appeal appellant says that the trial court erred in rendering judgment against appellant based on any claim alleged in Hill's original petition because the damage therein claimed was alleged to have been inflicted by the willful, intentional and malicious acts of Harris himself, not by accidental bodily injury as called for in Harris' policy. Appellant further argued in support of this point that Hill's original petition could not furnish a basis for determining appellant's liability because it had been abandoned by the later filing of amended petitions changing the nature of Hill's claim.

■ The duty of an insurer under a liability policy such as this one to defend a suit filed against its insured is to be determined by the nature of the claim alleged in plaintiff's petition. If the petition alleges facts bringing the claim within the coverage of the policy, it is the insurer's duty to defend the suit for the insured. But if the allegations of the petition do not allege facts bringing the claim within the coverage of the policy, there is no duty on the part of the insurer to defend the suit, and no breach of contract in its refusing to do so. United States Fidelity & Guaranty Co. v. Baldwin Motor Co., Tex.Com.App., 34 S.W.2d 815, 819; United States Fidelity & Guaranty Co., Baltimore, Md. v. Reinhart & Donovan Co., 10 Cir., 171 F.2d 681.

■ In this case we shall not attempt an analysis of Hill's original petition. Upon the filing of the first amended petition the original petition became an abandoned pleading, could no longer furnish the basis of Hill's claim against Harris, and could no longer be considered in determining the nature of Hill's claim. Kelso v. Wheeler, Tex.Civ.App., 310 S.W.2d 148; Dyche v.

Simmons, Tex.Civ.App., 264 S.W.2d 208. Under the circumstances of the case it has become immaterial whether the original petition alleged facts bringing Hill's claim within the coverage of Harris' liability policy, as appellee contends in a counter-point, or whether it did not, as appellant contends in its first point on appeal. In the light of subsequent events the original petition is not to be considered in determining appellant's liability. Appellant's first point is sustained.

In its second point on appeal appellant says that the court erred in rendering judgment against appellant based on any claim asserted in Hill's first amended petition because (a) Hill's claim was based on allegations of property damage only; and (b) any damage sustained by Hill was alleged to have resulted from the intentional and malicious acts of Harris rather than from accidental causes.

■ For reasons which we shall further discuss later in this opinion we believe that it is to Hill's first amended petition that we must address our attention in determining whether Hill asserted a claim coming within the coverage of Harris' liability policy. We agree with appellant that the first amended petition asserted a claim for property damage only. It did not assert a claim for bodily injury. That being so there was no duty on appellant to defend Harris in the suit filed against him by Hill. We again cite the cases of United States Fidelity & Guaranty Co. v. Baldwin Motor Co., Tex.Com.App., 34 S.W.2d 815, 819; and United States Fidelity & Guaranty Co., Baltimore, Md. v. Reinhart & Donovan Co., 10 Cir., 171 F.2d 681.

Appellee contends that the allegations for exemplary damages in Hill's first amended petition assert a claim for accidental bodily injuries and death of Mrs. Hill. We do not so construe the allegations. The pleadings in question, which we have hereinbefore quoted, seems to us to allege in substance that Harris' willful acts and trespasses caused Hill considerable grief and anxiety about his wife with the result that Hill

found it very difficult to care for his farm, cattle and home, or keep his fences mended, wherefore he asked for exemplary damages. Such allegations are not basis for claiming coverage under a liability policy limited to accidental bodily injuries or death.

■ But if we were to construe the allegations in question to assert a claim for exemplary damages because of bodily injuries and death of Mrs. Hill, we still would be of the opinion that the allegations are not sufficient to bring Hill's claim within the coverage of Harris' policy of liability of insurance. The only actual damages pled by Hill in his first amended petition are for property loss. He did not allege any actual damages for bodily injuries or the death of Mrs. Hill. The only reference to the claimed injuries and death of Mrs. Hill are in the allegations with reference to exemplary damages. It is well settled in this jurisdiction that exemplary damages are not allowed as compensation, but are allowed as punishment. Bennett v. Howard, 141 Tex. 101, 170 S.W.2d 709; 13 Tex.Jur. 373. Exemplary damages are not allowed at all unless predicated on actual damages. 13 Tex.Jur. 376 and cases there cited. Moreover exemplary damages, if allowable at all, may be allowed only in connection with and as an incident to the actual damages sought. As a matter of law Hill under the allegations in his first amended petition was not entitled to recover exemplary damages for bodily injuries suffered by his wife, when the only actual damages he sought were for property losses. Bolton v. Stewart, Tex.Civ.App., 191 S.W.2d 798, 803; Piper v. Duncan, Tex.Civ.App., 131 S.W.2d 397; Lester v. Hawkins, Tex.Civ.App., 181 S.W. 481. The case of Piper v. Duncan, supra, seems to us to be especially in point here. In our opinion appellant was within its rights when it declined to defend the said suit against Harris because Hill's first amended petition alleged a cause of action which would support a recovery for property damages only. The pleading did not allege facts which brought Hill's claim within the coverage of Harris' liability policy.

Appellant's second point on appeal is sustained.

In its third point on appeal appellant says that the court erred in rendering judgment for Harris for the reason that, subsequent to being furnished with Hill's first amended petition, General Insurance Corporation received no notice whatsoever relative to any amended cause of action by Hill which was within the coverage of Harris' policy of bodily injury insurance until being notified that said suit had been settled by Harris, in violation of Condition No. 9 of the policy. In its fourth point appellant says that there were neither pleadings nor evidence, nor sufficient evidence of compliance with said condition by Harris.

Condition No. 9 reads as follows: "If claim is made or suit is brought against the Insured, the Insured shall immediately forward to the Company every demand, notice, summons, or other process received by him or his representative."

It is undisputed that Harris did not send the Company copies of Hill's amended petitions in which he added new allegations asserting a claim for bodily injury. This is true of Hill's fourth amended petition and his trial amendment, the pleadings which furnished the basis of Hill's suit at the time Harris settled with Hill by the payment of $3,500. It is undisputed that the Company was not aware that Hill had amended his cause of action so as to include allegations of bodily injury until Harris notified the Company that he had settled the suit for $3,500.

■ Condition No. 9 is a very important provision in the insurance contract between the Company and Harris. The policy had not been cancelled. If Harris expected to hold the Company liable on the policy he should have complied with Condition No. 9 when Hill filed new allegations bringing suit within the coverage of the policy, thus

giving the Company an opportunity to take over defense after amended petitions were filed bringing the case within the policy coverage. Harris' failure to do so violated the terms of his insurance contract, and was fatal to his recovery from the Company in this suit. Klein v. Century Lloyds, 154 Tex. 160, 275 S.W.2d 95; Martin v. Traders & General Ins. Co., Tex.Civ.App., 258 S.W.2d 142; New Amsterdam Casualty Co. v. Hamblen, 144 Tex. 306, 190 S.W.2d 56. Appellant's third and fourth points are sustained.

Appellant's eighth point is that the court erred in rendering judgment for Harris since there is no evidence as to what part of the settlement was for release of Hill's claim for accidental bodily injury and death, and what part was for his claim for property damage.

Appellee Harris in reply points out that $28,151 was the total amount sued for by Hill in his fourth amended petition and the trial amendment, the basis of Hill's suit when settlement was effectuated, and of this total amount only $1,460 was for property damage. The property damage involved in the suit, says Harris, was so small as to be negligible in the determination of the settlement figure in the Hill case.

We do not agree with appellee. Under the terms of the policy appellant was not obligated to pay any sum whatsoever for property damage. The release executed by Hill expressly discharges Harris from all claims and causes of action by reason of "the injury and death of my wife * * * and the loss or damage to my personal property." But there is no apportionment of the amount paid between the claim for the injury and the death of Mrs. Hill and the claim for property damage. We think appellant was entitled to have the apportionment made so that it would not be required to pay anything for settlement of Hill's claim for property damage. Employers Mutual Liability Ins. Co. of Wisconsin v. Hendrix, 4 Cir., 199 F.2d 53, 41 A.L.R.2d 424.

Appellant urges several other points, but in view of our holdings on the points hereinbefore mentioned we shall not discuss the other points.

Because of our holdings in regard to appellant's first, second, third and fourth points on appeal it is necessary for us not only to reverse the trial court's judgment but to render judgment in this case.

The judgment of the trial court is reversed and judgment is here rendered that appellee Harris take nothing in his suit against appellant General Insurance Corporation.