EVELYN SARAGAN *vs.* CATHERINE L. BOUSQUET & others.

Worcester. September 23, 1947. — November 7, 1947.

Present: QUA, C.J., LUMMUS, DOLAN, RONAN, & WILKINS, JJ.

*Insurance*, Disclaimer of liability, Motor vehicle liability insurance. *Res Judicata. Judgment. Pleading, Civil*, Declaration. *Evidence*, Competency, Previous proceeding. *Words*, "Invitee."

An averment in the declaration in an action of tort for personal injuries alleged to have been sustained by reason of negligence of the operator of an automobile, that the plaintiff was a passenger in the automobile by the express invitation of the operator, was sufficient to raise the issue, whether the plaintiff was a business invitee or a mere guest; and the insurer under a policy of motor vehicle liability insurance covering the operator was not justified in refusing to defend the action on the ground that the policy contained no guest coverage, and was bound by the determination of such issue in the action.

At the hearing of a suit in equity to reach and apply an alleged obligation of the insurer of the operator of a motor vehicle under a policy of motor vehicle liability insurance in satisfaction of a judgment for the plaintiff in an action of tort for personal injuries sustained by reason of negligence of the operator when the plaintiff was riding in the vehicle, where it appeared that the insurer unjustifiably had disclaimed liability and had refused to defend the action of tort and was bound by the determination in that action of the plaintiff's status in the vehicle, it was prejudicial error to exclude a transcript of the evidence and of the charge of the judge at the trial of that action, offered by the plaintiff to show that the judgment in that action must have been based on a finding, warranted by the evidence at that trial, that the plaintiff was a business invitee of the operator and not a mere guest; and it was also prejudicial error to admit evidence offered by the defendant insurer to show that the status of the plaintiff was that of a mere guest.

BILL IN EQUITY, filed in the Superior Court on April 4, 1946.

The suit was heard by *Burns*, J.

*C. W. Proctor*, (*J. F. Killeen & F. Howard* with him,) for the plaintiff.

*M. J. Rubin*, (*J. C. McDonald* with him,) for the defendant Massachusetts Bonding and Insurance Company.

DOLAN, J.  This is a bill in equity to reach and apply, in satisfaction of a judgment against the defendant administrator of the estate of Percy A. Bousquet, an alleged obligation of the defendant Massachusetts Bonding and Insurance Company under a policy of automobile liability insurance. See G. L. (Ter. Ed.) c. 175, § 113, and c. 214, § 3 (10). The case comes before us on the appeal of the plaintiff from a decree entered by the judge dismissing the bill as to the defendant Catherine L. Bousquet and the defendant insurance company, and adjudging that the defendant administrator of the estate of Percy A. Bousquet is indebted to the plaintiff in the sum of $2,923.87 with interest thereon, making a total sum of $3,080.16.

The evidence is reported and the judge filed a document entitled "The Material Facts," containing certain findings of fact, a ruling and an order for decree. Material facts disclosed by the evidence follow. The policy of compulsory motor vehicle liability insurance in question was issued to the defendant Catherine L. Bousquet by the defendant insurance company, hereinafter called the insurer, in 1942. It contained no guest coverage. It was in effect on December 22, 1942. On that date, while Percy A. Bousquet (hereinafter referred to as Bousquet) with the permission of the insured was operating the motor vehicle described in the policy, it became involved in an accident. The plaintiff was riding in the automobile at the time and as a result was injured. Bousquet was also injured and died as a result. The defendant Simoneau was appointed administrator of his estate. Thereafter the plaintiff brought an action of tort against the administrator. The writ was returnable to the Superior Court on December 6, 1943. On November 10, 1944, the defendant administrator, hereinafter de-

scribed as the administrator, sent a letter to the insurer stating, in substance, that until shortly before that date he had been unable to obtain from the insured the name of the insurer, but had finally procured it, and notifying the insurer to appear and defend the action. This letter contained a brief statement of the allegations of the plaintiff's declaration which contained four counts, describing the first count as alleging negligence of Bousquet, the second count as alleging gross negligence, the third reckless operation of the vehicle, and the fourth illegal registration. A copy of the declaration was sent to the insurer with this letter. In each count it was alleged that the plaintiff was riding in the automobile involved at the time of the accident by the express invitation of Bousquet. On November 27, 1944, the insurer in reply wrote to the administrator, stating that the matter had been looked into, that its records disclosed that there was "no 'guest coverage' on the policy" in question, that "it would, therefore, appear that . . . [it was] not interested in this accident," and that it was returning the original summons. The insurer did not appear and defend the action which was tried on the first count only of the declaration[1] to a jury who returned a verdict for the plaintiff, and judgment was entered thereon upon which nothing has been paid. Bousquet was not insured under the workmen's compensation act.

Facts found by the judge, so far as appears voluntarily, are these: "On the date of the accident she [the plaintiff] was in the general employ of one Justo who ran a café [in Hudson] across the street from the one run by Percy [Bousquet]. Plaintiff asked Justo if she could get through early stating that she wanted to go to Clinton with Percy. She left early, went across the street to Percy's café, claimed that she worked two hours for Percy on his promise to pay her $5 and drive her to her home in Marlborough. Plaintiff testified that Percy further said 'I've got a few calls to make in Clinton and I'll drive you home if you'll go with me.' The distance from Hudson to Marlborough is four

---

[1] The second, third and fourth counts of the declaration were waived at the trial.

miles; from Hudson to Clinton is nine miles and from Clinton to Marlborough is eight miles via South Berlin; the accident was in Berlin on Route 62, and was seven miles from Marlborough. Plaintiff and Percy did not leave the café on their way to Clinton until 10:30 P.M. The accident was shortly after 1 A.M. the next day. Percy carried no workmen's compensation insurance. This accident happened on a very cold December night in 1942. . . . There was no guest coverage in the policy issued to Catherine Bousquet. The declaration in the law action was received in evidence as an exhibit. There is no allegation of an employer and employee relationship." The document setting forth these findings also contains the following: "Ruling  If any employer and employee relationship existed as claimed by the plaintiff, and she has not sustained the burden of proof as to that, that relationship terminated when they started for Clinton. If contract of employment called for taking plaintiff home, she wasn't taken home but taken for a ride and as such was then a guest of Percy Bousquet at the time of the accident."

During the course of the hearing of the present suit the plaintiff excepted to the exclusion of a transcript of the evidence taken during the trial of the action of tort and of the judge's charge to the jury, [1] all offered to establish that at that trial the issue of the relationship of the plaintiff to Bousquet at the time of the accident had been finally adjudicated to be that of an occupant of the vehicle under a contract of employment which provided for the transportation. The plaintiff also excepted to the admission of evidence introduced by the insurer to show that the plaintiff at the time of the accident was merely a guest occupant of the vehicle.

The plaintiff's contentions, among others, are "1. That the verdict and judgment in favor of the plaintiff was [sic] res judicata as to the defendant Massachusetts Bonding and Insurance Company, that the plaintiff was at the time of

---

[1] This transcript, certified by the court stenographer, was marked for identification and was before this court at the argument of the present case. — REPORTER.

the accident an employee of Percy Bousquet. 2. That the court erred in its refusal to admit the record of the tort case both as to the transcript of the evidence and the court's charge in support of her contention as alleged in paragraph 3 of the bill in equity. . . . 5. The finding of the trial court was inconsistent with the declaration in the original case and the verdict of the jury." The principal contention of the insurer is that it is not "bound by the judgment obtained by the plaintiff in the law suit and precluded from showing that there was no coverage."

In support of the position taken by the insurer it is argued that, since the plaintiff's declaration in the action of tort did not contain any allegation of employer-employee relation between the plaintiff and Bousquet at the time of the accident, it was entitled to assume that the relationship of the plaintiff to Bousquet was not that of a business invitee but was that of a mere guest, and that, because the policy of insurance contained no guest coverage, the failure of the insurer to appear and defend the action did not bar it from seeking to establish in the present suit that the relationship of the plaintiff to Bousquet was merely that of a guest. We do not concur in that reasoning. The allegations of the several counts of the plaintiff's declaration in the action at law were that the plaintiff was a passenger in the automobile at the time of the accident by the express invitation of Bousquet, that is, as an invitee. And the word "invitee" has not infrequently been used to distinguish a business invitee from a mere guest. *Epstein* v. *Simco Trading Co. Inc.* 297 Mass. 282, 284, and cases cited. The allegations of the plaintiff's declaration in question did not justify the insurer in assuming that proof that the status of the plaintiff was that of a business invitee was precluded. In our opinion the declaration was sufficient to raise the issue as to the status of the plaintiff as an occupant of the vehicle in question at the time of the accident.

The question remains whether in the action at law the status of the plaintiff with relation to Bousquet was finally adjudicated to be that of a business invitee and not a mere guest, with binding effect on the insurer. That involves the

question whether the judge erred in excluding evidence offered by the plaintiff to show the issues that were actually tried and determined in the action at law. The offer of proof made by the plaintiff to establish those facts was, in substance, that in the action at law the plaintiff testified to the effect that prior to the date of the accident she had been working for Bousquet part time, either on her days off or after her regular employment at Justo's; that on December 21 Bousquet requested her to work for him after she completed her regular day's work, agreeing in return to pay her $5 and to drive her to her home in Marlborough; that on the evening of that day she left Bousquet's café and proceeded with him in the vehicle in question to Clinton where he had some errands to do; that from Clinton they started for the plaintiff's home in Marlborough by way of Berlin; and that while they were on their way the accident happened. The plaintiff also offered to prove that in the trial of the action at law the judge in submitting the case to the jury instructed them that the first issue in the case was to determine "under what circumstances . . . [the plaintiff] rode with Bousquet in the car from this place of employment to Clinton and then to Berlin going to her home town. Under what circumstances did she get into that car with him? . . . If there was no agreement of employment, that is, if Bousquet and the plaintiff did not agree when he hired her . . . to transport her to her home as part of the employment and part of the compensation . . . there is no liability on the defendant . . . because under such circumstances she would be an ordinary guest in the Bousquet car, and on the facts of this case there would be no liability"; that if there was such an agreement she would not be a guest in his vehicle and the ordinary rules of negligence would apply; "to determine that issue, first was there such an agreement or wasn't there, and if there was not — verdict for the defendant . . . . If there was such an agreement, then consider whether on this particular trip the night of the accident whether he was transporting her, and if she was going under the agreement of employment that they had, or whether this was a trip not under the agree-

ment of employment. . . . If you find there was an agreement of employment whereby Bousquet was to transport her to her home, and if you find this trip was under that agreement of employment, then proceed to the next issue in the case and that is whether Bousquet in the operation of his car was negligent." A certified copy of the transcript of the evidence taken in the trial of the action at law and of the judge's charge was offered in evidence in the present suit by the plaintiff (see *Gallo* v. *Foley*, 299 Mass. 1, 5–6) but, as before stated, this evidence was excluded by the judge subject to the plaintiff's exception.

The jury must be presumed to have followed the instructions of the judge, and so it is manifest that the verdict of the jury was of necessity based on the grounds that the plaintiff was riding in the vehicle with Bousquet under the terms of her employment by him, that there was no such deviation in the course of the journey to her home as to take it out of the contract of employment, that Bousquet was negligent, and that the injuries sustained by the plaintiff were caused by his negligence. It is settled, where the original action is ostensibly within the terms of the policy, that, whether the insurer assumes the defence or refuses so to do without legal justification, the insurer and the plaintiff are bound by the result of that action as to all matters decided therein material to recovery by the plaintiff. *Sheehan* v. *Goriansky,* 321 Mass. 200. *Muise* v. *Century Indemnity Co.* 319 Mass. 172, 174. *Sweeney* v. *Frew,* 318 Mass. 595. *Sciaraffa* v. *Debler,* 304 Mass. 240, 242. *Miller* v. *United States Fidelity & Guaranty Co.* 291 Mass. 445, 448. See also *Browne* v. *Moran,* 300 Mass. 107, 110–111; *McCarthy* v. *William H. Wood Lumber Co.* 219 Mass. 566, 567; *Foye* v. *Patch,* 132 Mass. 105, 110; Restatement: Judgments, § 68, comment c. It is likewise settled that, in order to determine what was in fact decided at the trial of the action of tort, extrinsic evidence is admissible. *Waterhouse* v. *Levine,* 182 Mass. 407, 409. *Cote* v. *New England Navigation Co.* 213 Mass. 177, 181–182. *Boston & Maine Railroad* v. *T. Stuart & Son Co.* 236 Mass. 98, 102. *Mezoff* v. *United Kosher Butchers Association, Inc.* 274 Mass. 174, 175. See

also *Daggett* v. *Daggett*, 143 Mass. 516; *Hopkins* v. *Holcombe*, 308 Mass. 54, 57, and cases cited. The transcript of the evidence taken in the original action was admissible for that purpose, and the judge's charge was also admissible for the purpose of showing the issue or issues submitted to the jury. *Rosenberg* v. *Peter*, 269 Mass. 32, 38. *Gallo* v. *Foley*, 299 Mass. 1, 5–6. See also *Browne* v. *Moran*, 300 Mass. 107, 110–111. The exclusion by the judge of the proffered evidence just discussed was prejudicial error. And the admission of evidence introduced by the insurer over the plaintiff's objection for the purpose of establishing the status of the plaintiff with relation to Bousquet at the time of the accident, to which the plaintiff also excepted, was erroneous. The findings and ruling of the judge, which were obviously based on the theory that the action of tort adjudicated nothing that was binding on the insurer, and the decree entered by him cannot stand.

The decree entered by the judge is reversed, and instead thereof a final decree is to be entered enforcing the obligation of the insurer under the policy of insurance in question to the satisfaction of the judgment obtained by the plaintiff in the action of tort, and ordering the payment by the insurer to the plaintiff of the amount due her, with interest and costs of this appeal.

*So ordered.*