SUSAN LUPINSKI *vs.* BENEDICT DONNELL & another.

Plymouth.    November 4, 1948. — December 7, 1948.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Insurance*, Motor vehicle liability insurance.  *Motor Vehicle*, "Guest occupant." *Words*, "Guest," "Guest occupant."

One who is not, in the common law sense, a "guest" in a motor vehicle may nevertheless be a "guest occupant" within the provisions of § 34A of G. L. (Ter. Ed.) c. 90, as amended by St. 1935, c. 459, § 1.
One riding in a motor vehicle as a business invitee of a painter who was its owner was a "guest occupant" within the provisions of § 34A of G. L. (Ter. Ed.) c. 90, as amended by St. 1935, c. 459, § 1.

BILL IN EQUITY, filed in the Superior Court on January 26, 1948.

The case was heard by *Smith*, J.

*W. G. Cogan*, for the plaintiff.

*E. J. Campbell*, for the defendant American Employers Insurance Company.

SPALDING, J.    The plaintiff obtained a judgment against the defendant Donnell in an action of tort. She seeks by this bill in equity to reach and apply the proceeds of a motor vehicle liability policy to the satisfaction of the judgment.

G. L. (Ter. Ed.) c. 175, § 113; c. 214, § 3 (10). The question for decision is whether the plaintiff was a "guest occupant" as those words are defined in G. L. (Ter. Ed.) c. 90, § 34A, as amended by St. 1935, c. 459, § 1.

The defendant Donnell was a painter and had been hired by the plaintiff's landlord to paint the apartment occupied by the plaintiff in colors satisfactory to her. Donnell was instructed to submit a color chart to the plaintiff so that she might select the colors to be used. On March 27, 1947, Donnell requested the plaintiff to go with him in his automobile to a paint store for the purpose of examining a color chart. Donnell told the plaintiff that if she did this he would procure the paint at the same time and it would not be necessary for him to make a special trip for the color chart. Donnell agreed to drive the plaintiff home after the selections were made. The plaintiff consented and went to the paint store with Donnell in his automobile. While being driven home on a public way in Brockton she was injured. At the time of the accident Donnell, whose automobile was registered in this Commonwealth, had a compulsory motor vehicle liability policy issued by the defendant insurance company, which was in full force and effect. The policy did not provide guest coverage. The plaintiff's declaration in the action of tort was based on negligence and alleged, in substance, that the plaintiff was a business invitee. Donnell did not contest the case and judgment was entered for the plaintiff by default. The foregoing facts were included in a statement of agreed facts on which the present case was submitted.

Ruling that the plaintiff was a "guest occupant" within the definition contained in G. L. (Ter. Ed.) c. 90, § 34A, as amended, the judge ordered the bill dismissed. From a final decree entered in pursuance of this order the plaintiff appealed.

Since Donnell's policy provided only the statutory compulsory coverage, the plaintiff could not prevail if she was a "guest occupant." *Westgate* v. *Century Indemnity Co.* 309 Mass. 412. Section 34A of G. L. (Ter. Ed.) c. 90, as amended, defines "guest occupant" as "any person, other

than an employee of the owner or registrant of a motor vehicle or of a person responsible for its operation with the owner's or registrant's express or implied consent, being in or upon, entering or leaving the same, except a passenger for hire in the case of a motor vehicle registered as a taxicab or otherwise for carrying passengers for hire." We assume, as do the parties, that the plaintiff was riding as a business invitee of Donnell and not as his guest at the time of the accident. See *Epstein* v. *Simco Trading Co. Inc.* 297 Mass. 282, 284. But it does not follow that she was not a "guest occupant" within the foregoing definition. The word "guest" as used in the gross negligence cases is not the equivalent of "guest occupant" in § 34A, as amended. See *Ruel* v. *Langelier*, 299 Mass. 240, 243. In other words, one who is not a "guest" in the common law sense may nevertheless be a "guest occupant" under the statute. *Westgate* v. *Century Indemnity Co.* 309 Mass. 412. *Joyce* v. *London & Lancashire Indemnity Co.* 312 Mass. 354. Under § 34A, as amended, any person, with certain exceptions, "being in or upon, entering or leaving" a motor vehicle is a "guest occupant." Plainly the plaintiff does not come within any of the exceptions. The judge, therefore, rightly ruled that she was a "guest occupant." The suggestion in the plaintiff's brief that she was an employee requires no discussion. See *Muise* v. *Century Indemnity Co.* 319 Mass. 172; *Saragan* v. *Bousquet*, 322 Mass. 14.

*Decree affirmed with costs.*