**BOUTWELL v. EMPLOYERS' LIABILITY ASSURANCE CORPORATION, Ltd.**

No. 12509.

United States Court of Appeals
Fifth Circuit.

July 14, 1949.

Rehearing Denied Aug. 17, 1949.

Thomas M. Huff, Frank F. Mize, J. Knox Huff, all of Forest, Miss., for appellant.

C. B. Snow, and Junior O'Mara, both of Jackson, Miss., for appellee.

598

Before HUTCHESON, SIBLEY, and WALLER, Circuit Judges.

WALLER, Circuit Judge.

Appellant, the assured in a public liability and property damage insurance policy, brought this suit for a declaratory judgment so as to have adjudicated the question of whether or not the insurance company should be required to reimburse the plaintiff for sums expended in settlement of four suits for fire losses caused by an explosion of butane gas, and for expenses, court costs, and attorneys' fees appurtenant thereto.

Appellant was engaged in the business of distributing butane gas and in selling and installing gas appliances in the City of Forest, Mississippi, and as such was the assured in a policy issued by the Appellee restricting the coverage afforded by the policy to "Premises-Operations", which afforded coverage against accidents occurring in the installation work, but which did not afford coverage as to accidents occurring after the completion of installation. It did not cover accidents due to defective appliances or products.

The question involved here is whether or not a fire caused by an explosion of butane gas in an apartment house where Horn, an employee of the Appellant, had been, or was installing a butane gas heater was within the coverage of the policy so as to require the insurance company to defend the suits arising out of such fire and pay the damages awarded. The lower Court found as facts:

1. That the Manufacturers' or Contractors' Public Liability Policy of the insurance company was in force when the fire occurred, and that the fire was due to the negligence of an employee of the Appellant in not properly closing all of the gas openings that permitted the escape of butane gas.

2. That the fire came from gas that had escaped from an opening.

3. That the work of installing the gas heater by Horn, the employee of Boutwell, had not been completed when the fire occurred.

4. That Horn had completed part of the work but about fifteen or twenty minutes before five o'clock in the afternoon of the fire he left the premises for the purpose of going back to the place of business of Boutwell to get some tools and to return to make further connections or adjustments, and while he was gone the fire occurred.

5. That after he had left the premises and arrived at the place of business of Boutwell, the latter advised that since it was late the employee need not return to the premises that afternoon.

6. That before Horn left the premises a tenant in the apartment house stated he would be pleased if Horn would turn the gas on so that the wife of the tenant could fix supper, and Horn complied with this request.

7. That Horn was negligent in turning on the gas without closing all the outlets and without exercising a reasonable degree of care in determining whether or not they had been sufficiently tightened so that there could be no escape of gas.

8. That as a matter of fact, Horn had not completed the work that he was assigned to do on that occasion. There were other heaters to be installed on the following morning.

9. That the duty to defend the suits filed by the tenants whose property was destroyed by the fire is measured by the allegations of the declarations filed in those suits, and thus measured there was no duty under the policy to defend them, and that the bills of particulars, amendatory of the facts alleged in the declarations, should have been promptly served upon the insurance company by the Appellant, and since the Appellant had agreed to settle the suits before it furnished copies of the bills of particulars to the insurance company, the insurer was deprived thereby of a valuable right which it had under the policy.

10. That if the insurer wrongfully failed to defend such suits and actions, then it would be liable for such sums as were expended in good faith by the assured in making advantageous settlement, including reasonable expenses and attorneys' fees incurred in connection therewith.

11. That if the insurer had been notified by the assured of the filing of the bills of particulars in the suits, it would have been liable for any judgment or recovery.

12. That the insurer was entitled to rely upon the allegations in the declarations in the suits, and that it became the duty of the assured to notify the insurer of the filing of every amendment, change, or claim of any kind, and the failure of the assured to notify the insurer of the filing of the bills of particulars before the settlement barred a recovery by it under the policy.

These findings of fact are not clearly erroneous and will not be disturbed but accepted by us.

It is *without controversy* that the accident occurred on premises used by Boutwell in the installation of the heater, and that the fire was a gas fire caused by the ignition of gas that was negligently allowed to escape by Horn, the employee of Boutwell. It is also quite clear that the policy did not protect Boutwell against hazards of products handled by him or defects in appliances furnished by him, but only against damages alleged to have been caused by his negligent use or operation on the premises.

 We think that the duty of the insurance company to defend must be determined by the allegations in the declarations in the suits against the assured, or any amendments thereto of which the insurer was cognizant or, under the circumstances, should have been cognizant, regardless of whether or not the suits were groundless or fraudulent. We also think it is quite clear that if the Appellant had fully completed the work of installation of a gas heater, and that the fire had occurred thereafter by virtue of defects in the appliances fully installed, there would have been no liability under the policy. Nevertheless, if the allegations of the plaintiffs were to the effect that the damage was caused by the negligence of the Appellant in the installation or in the failure to exercise reasonable care in installing the instrumentalities for use in transmitting and utilizing so volatile a substance as gas, there would have been an obligation under the policy upon the insurer to defend the suits and to pay the amount of the judgments, costs, and expenses in the event of recoveries under such allegations. It is, therefore, necessary for us to examine the allegations of the declarations filed against the assured. The following pertinent allegations are common to each of the four declarations:

"Plaintiff would show that on or about the afternoon of October 5, 1945, after defendant had installed the said heaters and appliances, the said defendant, acting by and through his agents and servants, turned on the said butane gas from the service tank, located on the outside of said premises and failed to properly check and test said appliances, pipes and installations after turning on said gas, for leaks or open valves or escaping gas; and shortly thereafter there was a series of explosions of gas, setting the said house on fire and completely burning and destroying the same.

"Plaintiff avers that the defendant, D. W. Boutwell, *doing business as* D. W. Boutwell Butane Company, acting through his servants was grossly negligent and careless in installing and leaving the said butane gas fixtures, appliances and fittings in a leaky condition, and in failing to properly check and test same for gas leaks or escaping gas after turning the said gas into said installations and systems; that said defendant, acting through his servants was guilty of gross negligence in installing said fixtures, appliances and connections and in leaving them in a leaky and loose condition." [1]

---

[1] *In addition to the foregoing allegations* the plaintiffs in these suits on October 25, 1946, filed bills of particulars pursuant to the order of the Court, which bills of particulars contained the following allegations:

"During the latter part of July or the first part of August, the defendant, Boutwell, installed butane gas pipe lines in the said apartment house of Miss Lucy D. Eley with outlets in to the apartments of A. D. Roby, H. E. Lott and J. D. Holbrook, and during the afternoon of October 5, 1945, the said defendant Boutwell, through his agent and employee installed one heater in the J. D. Holbrook apartment, one heater in the S. R. Marsh apartment, and about 5 o'clock P. M. on the afternoon of October 5, 1945, the said agent and em-

Copies of the bills of particulars were furnished to the attorney for the insurance company fourteen days after their filing, or on November 9, by which date Appellant had reached an agreement with the four plaintiffs for the settlement of the suits. No actual disposition of the suits was made, however, until November 30, when releases were signed.

■ When counsel for the insurance company were furnished copies of the bills of particulars and were, at the same time, notified of the arrangement to settle the cases, no request was made for time to investigate the matter or to enter into the cases. No protest was made against the settlement. No objection was made on account of unreasonableness. The insurance company in no wise changed its attitude in reference to defending the suit or accepting liability after it received the bills of particulars. It cannot take any advantage of its own delay or default in failing to object or to take action. Fourteen days from the filing of the bills of particulars by counsel for the plaintiffs in the four suits is not shown to have constituted unreasonable delay, and in the absence of any protest against the settlement or any request for additional time to look into it, or any assurance that the insurance company would enter into the cases or accept any responsibility, we think the lower Court was in error in holding that the failure to notify the insurer immediately of the filing of the bills of particulars bars a recovery under the policy.

■ Moreover, we think that under the allegations in the original declarations it was the duty of the insurance company to have entered upon the defense of the suits even if no bills of particulars had been filed and even if the declarations were duplicitous, contradictory, or not well founded. We note that the declarations, among other things, allege:

" * * * the defendant * * * was grossly negligent and careless in installing and leaving the said butane gas fixtures, appliances and fittings in a leaky condition, and in failing to properly check and test same for gas leaks or escaping gas after turning the said gas into said installations and systems; that said defendant * * * was guilty of gross negligence in installing said fixtures, appliances and connections and in leaving them in a leaky and loose condition, * * *."

This allegation seems somewhat inconsistent with the allegations in the first paragraph that "after defendant had installed the said heaters and appliances" he did certain things, but, nevertheless, the contractual duty of the insurer is not abrogated merely because the declaration filed against its assured might be duplicitous or inconsistent or groundless. Counsel for the insurance company were well aware of the liberality with which amendments to declarations were allowable, and that it would not have constituted a departure to have amended, at any time, the declarations so as to clear up any duplicitous language therein, yet they took no steps to have the declarations interpreted or freed of duplicity or made more specific. The allegations in the second paragraph that Boutwell was negligent and careless in installing and leaving the said butane gas fixtures and appliances in a leaky condition and in failing to properly check same for gas leaks or escaping gas brought the allegations of the declarations within the coverage of the policy, and, we think, required the insurance company to defend, at least as long as such allegations remained in the declarations. Its obligation was not merely to defend in cases having perfect declarations, but in cases where by any reasonable intendment of the pleadings liability could be inferred.

■ It was an integral part of the process of installing the heater and appliances using so volatile a substance as butane gas

---

ployee of the defendant, while engaged in the installation of a heater on the Lott apartment, returned to town for additional tools and appliances with wh'ch to complete said installation and the series of explosions complained of in the plaintiff's declaration occurred within about 10 minutes after said agent left the Lott apartment and returned to town. That said explosions occurred in all three of the above named apartments. The persons present were: J. D. Holbrook, Mrs. J. D. Holbrook, Mrs. Grace Roby, and Mrs. S. R. Marsh."

to install them properly and safely so as to permit the combustion of such gas without hazard to life, limb, or property of the users, and it is also an essential and implied part of such installation to test the heater and all appliances in the premises to be used for the purposes here intended. The allegation in the declarations that certain things happened "after the defendant had installed the gas heater" seems inconsistent with subsequent allegations in the declaration as to the making of the installations without testing and checking, etc., and seems to render the declarations ambiguous, but neither ambiguity, inconsistency, duplicity, nor groundlessness in the declarations justified the insurer to escape liability or responsibility.

Having failed and refused to enter the cases and having made no protest against the settlement and having failed to show that the settlements, charges, and expenses were unreasonable, the Court below should have rendered judgment in favor of the assured.

The judgment is, therefore, reversed and the cause is remanded with directions to enter judgment in accordance with the views herein expressed.

Reversed and remanded.