HAZEL PEZZUOLO & another *vs.* THE TRAVELERS
INSURANCE COMPANY.

Suffolk.   January 9, 1959. — March 11, 1959.

Present: WILKINS, C.J., RONAN, SPALDING, WHITTEMORE, & CUTTER, JJ.

*Insurance,* Motor vehicle liability insurance.   *Contract,* Of employment.
   *Negligence,* Invited person.   *Motor Vehicle,* Invitee.

Proof that a singer booked for a performance at a night club at first refused to drive in an automobile to the club with its master of ceremonies, who was not its proprietor, but finally agreed to and did drive there with the master of ceremonies after he, because "it meant something to him not to lose . . . [the singer's] act on that occasion," had promised her that if she would go he would drive her back, although showing that the singer was a business invitee of the master of ceremonies in the automobile on the return trip and entitled to recover from him for injuries then sustained through ordinary negligence on his part, did not show that she was then an employee of his, and, the automobile not being registered to carry passengers for hire, she was a "guest occupant" thereof and her injuries were excluded from the coverage of a policy of compulsory motor vehicle liability insurance thereon.

BILL IN EQUITY, filed in the Superior Court on January 3, 1958.

The suit was heard by *Lurie,* J.

*William F. Meara, Jr.,* for the defendant.

*Samuel I. Jacobs,* for the plaintiffs.

WHITTEMORE, J. This is a bill in equity to reach and apply the insurer's obligation under an automobile insurance policy in satisfaction of judgments obtained against Richard A. Murphy. The insurer has appealed from a final decree enforcing liability. The plaintiffs, an injured wife (hereinafter called the plaintiff), and her husband who had recovered for consequential damages, had judgments under counts for negligence.

The evidence introduced by the plaintiff to show the liability of the insurer under the policy was the charge of the trial judge in the tort action (see *Saragan* v. *Bousquet*, 322 Mass. 14, 21) and the answer of the jury to a special question.

The insurance policy, which was in evidence, excluded "bodily injury . . . of any guest occupant of the motor vehicle" and defined "guest occupant" (in the terms of G. L. c. 90, § 34A) as "*any person, other than an employee* of the owner or registrant of a motor vehicle or of a person responsible for its operation with the owner's or registrant's express or implied consent, being in or upon, entering or leaving the same, except a passenger for hire in the case of a motor vehicle registered as a taxicab or otherwise for carrying passengers for hire" (emphasis supplied). The issue is whether the plaintff was shown to be an employee, so as not to have been excluded from the coverage of the policy.[1]

The judge's charge showed that the plaintiff had testified that she was a singer who, on April 22, 1955, had been booked by Al Ring, a booking agent, for a performance that evening in a night club in Salisbury Beach; that she had insisted on transportation home after the show; that Ring had told her to be at the Hotel Clarendon at 7 P.M.; that she had complied and had there been introduced to the defendant Murphy who had said he was driving to the club; that he was not the proprietor, but only master of ceremonies, and the plaintiff, having expected the proprietor, had refused to go; that Murphy had then become disturbed as he was anxious for her to go "as he needed her act";

[1] There is no suggestion that the vehicle was registered to carry passengers for hire.

that he had promised that if she would go he would bring her back and "guarantee her that she would get her money for the act"; that the plaintiff had thereupon gone; and that it was on the return trip that she had been injured. Other testimony, according to the charge, was somewhat in conflict with this. There was evidence that after the accident Ring "brought to the plaintiff her pay."

The judge charged the jury that the "plaintiff claims, in effect, that she paid Murphy for her ride by agreeing to go with Murphy in consideration of his promise to give her the ride . . . . Under the law, if she [so] paid for her ride . . ., then during the ride the defendant would owe her a duty not to be negligent, and this means . . . ordinary negligence."

One of two special alternative questions submitted to the jury was: "Did the defendant Richard Murphy promise the plaintiff . . . to furnish a ride . . . in consideration for her promise to him to go and perform if she got the ride, and because otherwise she refused to go and perform; and because as master of ceremonies there that evening it meant something to him not to lose her act on that occasion, as contended by the plaintiff?" The jury answered "Yes" to this question.

The judge in the equity suit rightly ruled that the insurer was bound by the result of the action as to all matters decided therein material to recovery by the plaintiff. *Saragan* v. *Bousquet*, 322 Mass. 14, 20.

The evidence at the jury trial was such that the jury could find that the plaintiff was a business invitee to whom the defendant owed the duty of due care. *Roy* v. *Bacon*, 325 Mass. 173. *McDonough* v. *Horan*, 333 Mass. 319, 321. *Wolfson* v. *Fox*, ante, 603, 605. To recover for negligence it was not necessary for the plaintiff to prove that she was an employee, and the evidence at the trial did not warrant a finding that she was. She was, inferentially, an employee of the owner of the night club. If the plaintiff was believed, Murphy wanted the plaintiff to keep her contract with the proprietor so that the show with which he was connected would be a good one and for that reason contracted to trans-

port the plaintiff and guaranteed her pay. This in no sense made her his employee. She had not agreed to work for him, he did not engage to pay her, and as a master of ceremonies, who in some sense would assume some control over the introduction and direction of her performance, Murphy was no more than a fellow employee.

The plaintiffs rely on *Saragan* v. *Bousquet*, 322 Mass. 14. The case is not in point. The facts found in that case (p. 19) showed evidence before the jury in the underlying tort case that the defendant's intestate (Bousquet), a restaurant proprietor, had requested the plaintiff, who had been working for him part time on other occasions, to work for him on the night of the accident after she had completed her regular day's work for another restaurant owner, "agreeing in return to pay her $5 and to drive her to her home" and that the accident occurred while she was being driven home after leaving Bousquet's restaurant; that the judge had charged in effect that if that was not the agreement there was no liability because the plaintiff would be an ordinary guest; and that if "you find there was an agreement of employment whereby Bousquet was to transport her to her home, and . . . [that] this trip was under that agreement . . . then proceed to . . . [the question] whether Bousquet . . . was negligent." We ruled (p. 20) that the verdict for the plaintiff necessarily made res judicata the fact that she "was riding in the vehicle . . . under the terms of her employment."

The "guest occupant" whose injury is excluded from the policy is any person not "an employee" nor "a passenger for hire" in a vehicle registered to carry passengers for hire. This exclusion is inclusive not only of those who are "guests" for purposes of determining the liability of the owner or operator of the vehicles but also those who are business invitees. *Lupinski* v. *Donnell*, 323 Mass. 489.

The plaintiffs' proof did not show that the policy insured Murphy in respect of the accident for which the plaintiffs had judgments. The decree must be reversed and a decree entered dismissing the bill of complaint.   *So ordered.*