**MARYLAND CASUALTY COMPANY,**
Appellant,

v.

**Mike H. MITCHELL et al., Appellees.**

No. 20384

United States Court of Appeals
Fifth Circuit.

Aug. 29, 1963.

Griffith D. Lambdin, Armstrong, Bedford & Lambdin, Galveston, Tex., for appellant, Maryland Cas. Co.

Jerry D. Barker, Theodore B. Stubbs, Owen D. Barker, Galveston, Tex. (Ralph Crawford and Barker, Barker & Coltzer, Galveston, Tex., of counsel), for appellee, Mike H. Mitchell.

Before HUTCHESON, GEWIN and BELL, Circuit Judges.

HUTCHESON, Circuit Judge.

This is an appeal by the insurer from a decision of the district court, holding in favor of the appellee, Mike Mitchell, in his suit for recovery on a liability policy covering the appellee-insured, Jimmy Mascorro.

This case is the second of two suits in connection with injuries sustained by Mitchell and caused by Mascorro. In the first suit, against Mascorro in a state court in Galveston County, Texas, Mitchell sought damages for those injuries. Mitchell's petition there alleged, in substance, that he, as agent for the owners of the property, went to a cafe to collect the delinquent rent from Mascorro, who was then operating the cafe under a lease from the owners; that an argument developed between Mitchell and Mascorro, whereupon Mitchell became angry and, because of his loss of temper, began to speak to Mascorro in a loud voice and in a manner that was not becoming in a public place; that Mascorro requested Mitchell to leave, but that he refused to do so; that Mascorro then grabbed Mitchell by the arm and shoved him to the door, to eject him; that Mitchell was thus forced through the door and onto a concrete porch outside the open door; and that, while Mitchell was clinging to the doorfacing, Mascorro *negligently* loosened Mitchell's grip and removed his hand, so as to cause Mitchell to fall and injure himself.[1]

---

1. In pertinent part, the petition alleged as follows:

"III

" * * * thereupon this plaintiff became angry and because of a loss of temper regrettably began to speak to the defendant in a loud voice and in such manner as was not proper in a public place. The defendant again requested the plaintiff to leave the premises, but plaintiff refused to do so; thereupon the defendant grasped the plaintiff about his arm and shoulder and forcibly shoved and propelled this plaintiff to the door for the purpose of ejecting him from the premises. Plaintiff in such manner was forced through the doorway and had entered upon a concrete porchway just outside the open door; and while plaintiff was still clinging with his hand to the doorfacing, or in the alternative to some other part of the building, the defendant *negligently* loosened plaintiff's grip and removed his hand suddenly and in such manner as to cause plaintiff to fall with such force as to crush and break his right leg, hip, and pelvis, producing serious injury and incapacity as hereinafter more fully de-

In that state court suit, it was determined that Mascorro was negligent in the manner used in putting Mitchell off of the premises, although he was justified in so doing, and, specifically, that Mascorro was negligent in that he so suddenly broke Mitchell's hold on the doorfacing and so suddenly released his hold on Mitchell's body as to cause him to lose his balance and fall. Although given proper notice, the appellant declined to defend that state court suit, on the ground that the petition did not allege a cause of action covered by the liability policy.[2] Having had judgment against Mascorro in the state court, Mitchell then brought this action against the appellant on its liability policy covering Mascorro.

■ ■ The appellant does not, and of course could not, dispute that, if any insurer under a liability insurance contract fails to defend a suit which it has a legal duty to defend, it is bound by the results of the suit and the judgment therein to the extent that the judgment involves a cause of action within the cov-

erage of the policy. The insurer is under a legal duty to defend if, and only if, the petition alleges facts constituting a cause of action within the coverage of the policy.[3] That duty arises even though the petition may allege, in addition to a cause of action covered by the policy, facts constituting a cause of action not covered by the policy.[4] That being so, and inasmuch as we hold that paragraph III of the petition alleges a cause of action for negligence, we need not decide whether paragraph IV is an allegation of a wilful tort or an allegation of discovered peril.

■ The sole issue in this suit, therefore, is whether the petition in the state court suit alleged facts constituting a cause of action within the coverage of the policy. In pertinent part, the policy provides:

"1. Coverage A—Bodily Injury Liability: To pay on behalf of the insured all sums which the insured shall become legally obligated to pay

scribed. At the time of this incident defendant was a strong, younger man, and plaintiff was old, infirm, and feeble, all of which was well known to defendant. By reason of the foregoing, defendant was negligent in the manner and means employed by him to eject plaintiff from the premises as follows:

"(1) In so suddenly loosing and breaking plaintiff's hold on the doorfacing or other portion of the building and so suddenly releasing the defendant's hold on plaintiff's body as to cause plaintiff to lose his balance and fall;

"(2) In so suddenly breaking plaintiff's hold as to cause him to fall;

"(3) In failing to retain defendant's hold on the person of plaintiff after ejecting him until plaintiff's position on the porch was secure and stable. (Emphasis ours)

"IV

"Just prior to the time plaintiff was caused to fall and to receive said injury, defendant saw and observed that plaintiff by reason of age and infirmity and because of his position on the concrete porchway at the doorway of said premises was in a dangerous and perilous position and that he was likely to lose his balance and fall; and that defendant, so observing and realizing such danger and

realizing that injury and damage to plaintiff was likely to result, nevertheless so suddenly removed plaintiff's hold on the doorfacing or other part of the building to which plaintiff was clinging and so suddenly released his hold on plaintiff's body as to cause plaintiff to lose his balance and to fall with resulting serious and permanent injury and damage."

2. The policy provides: "II. Defense, Settlement, Supplementary Payments: With respect to such insurance as is afforded by this policy for bodily injury liability * * * the company shall:

"(a) defend any suit against the insured alleging such injury, * * * even if such suit is groundless, false, or fraudulent. * * * *"

3. E.g., Hardware Mutual Casualty Co. v. Shantz, 5th Cir., 1951, 186 F.2d 868; United States Fidelity & Guaranty Co. v. Baldwin Motor Co., Tex.Com.App., 1931, 34 S.W.2d 815; Travelers Ins. Co. v. Newsom, Tex.Civ.App., 1961, 352 S.W. 2d 888 (writ ref., n. r. e.).

4. E. g., Liberty Ins. Co. of Texas v. Rawls, Tex.Civ.App., 1962, 358 S.W.2d 920; Superior Ins. Co. v. Jenkins, Tex.Civ.App., 1962, 358 S.W.2d 243 (writ ref., n. r. e.) ; Maryland Cas. Co. of Moritz, Tex.Civ. App., 1940, 138 S.W.2d 1095 (writ ref.).

**40**

as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the hazards hereinafter defined." * * *

* * * * * *

"3. Definitions. * * *

"(d) Assault and Battery. Under coverages A and B, assault and battery shall be deemed an accident unless committed by or at the direction of the insured."

The appellant advances several arguments in support of its theory that the petition did not allege injuries "caused by accident", as that phrase is used in the policy. Essentially, however, its position is that the petition alleged an intentional tort, an assault and battery, rather than negligence. The appellant does not dispute that injuries negligently caused are within the insured risk, as being "caused by accident".

The allegations of the petition must be tested against the meaning of the phrase, "caused by accident". We know of no Texas case which has considered the precise question before us, that is, the meaning of "caused by accident" as used in a liability policy including in its coverage injuries resulting from negligence. But when we bear in mind that the policy involved here does cover injuries negligently caused, we think it clear, under the intendment of the Texas cases, as well as those rules generally prevailing elsewhere, that the petition alleged injuries "caused by accident". Within the meaning of the policy involved here, a petition would allege an injury "caused by accident" if it alleged facts showing that injury was not in fact intended by the defendant, in the sense that he acted for the purpose of causing injury or that the injury was so substantially certain to result from the act that the defendant,

knowing it would occur, can be said to have intended it in fact.[5]

When the petition in the state court suit is tested against these rules, we think it evident that the petition alleged a cause of action, not for assault and battery, but for injuries "caused by accident".

We have carefully considered all of the arguments advanced by the appellant. There is no reversible error. The judgment is Affirmed.

5. See Pan American Life Ins. Co. v. Andrews, 1960, 161 Tex. 391, 340 S.W.2d 787; Hanna v. Rio Grande Natl. Life Ins. Co., Tex.Civ.App., 1944, 181 S.W. 2d 908 (writ ref.); International Travelers' Assn. v. Francis, 1930, 119 Tex. 1, 23 S.W.2d 282; Bryant v. Continental Cas. Co., 1916, 107 Tex. 582, 182 S.W. 673, L.R.A.1916E, 945. Cf. United States Mutual Acc. Assn. v. Barry, 1889, 131 U.S. 100, 9 S.Ct. 755, 33 L.Ed. 60.