**SEWER CONSTRUCTORS, INC.,**
a Corporation, Appellant,

v.

**EMPLOYERS CASUALTY COMPANY,**
a Corporation, Appellee.

No. 14489.

Court of Civil Appeals of Texas.

Houston.

Feb. 4, 1965.

Rehearing Denied Feb. 25, 1965.

Second Rehearing Denied March 18, 1965.

Kirchheimer & Kirchheimer, Joseph K. Kirchheimer, Houston, for appellant.

Fulbright, Crooker, Freeman, Bates & Jaworski, Charles D. Boston, Houston, Tex., for appellee.

BELL, Chief Justice.

Appellant filed suit against appellee, seeking to recover the expenses it had incurred in defending a suit filed against appellant by George Clark in which Clark sought to recover damages for personal injuries. Appellee, who was the insurer against certain risks in a policy of liability insurance issued appellant, refused to defend the suit because it contended the injuries did not grow out of a risk covered by the policy. In this suit by appellant to recover his expenses, the trial court granted appellee's motion for summary judgment and rendered judgment that appellant take nothing. The court also denied appellant's motion for summary judgment seeking judgment as to appellee's liability but not seeking such as to the amount of recovery, the latter being a question of fact.

Appellant's suit was not one to recover for any judgment rendered against it in favor of Clark. In fact appellant's counsel successfully defended the Clark suit. Under the undisputed facts of this case as made by the record before us, appellee would not be liable for any judgment for damages because in fact, it seems to be conceded, the injuries to Clark did arise subsequent to the completion of work by appellant. However, we are of the view that appellee's obligation to defend suit is not determined by whether such is in fact the case but whether the allegations in the petition filed against an assured, when fairly and reasonably construed, state a cause of action covered by the policy.

Clark sued the City of Houston and appellant for damages for personal injuries received August 7, 1959. The petition of Clark, insofar as material here, alleges as follows:

## VI.

"Plaintiff would further show this Honorable Court that Defendant, Sewer Constructors, Inc., heretofore *and at the time of the committing of the grievances herein alleged, was engaged in laying sewer lines* from the main sewer to private homes on Weaver Street and that the Defendant, Sewer Constructors, Inc., dug and excavated and permitted to be dug and excavated deep ditches in and across the public street * * *; that while Defendant *was thus engaged in digging and excavating* said ditch or trench it became and was the duty of the Defendant * * * to use reasonable and ordinary care for the safety of the general public travelling the said street * * * as well as for the safety of this Plaintiff.

## VII.

"The Defendant, Sewer Constructors, Inc., not regarding its duty, did not use due and proper care for the safety of Plaintiff *while so engaged* wrongfully and negligently permitted the ditch or trench to be covered over with dirt without proper packing and topping causing the ditch or trench to cave in and sink leaving large ruts, holes and depressions *and leaving same to remain*

*open,* exposed and without guards, lights or other protection, or notice to travellers.
.* * *

## VIII.

"That on the date aforesaid, your Plaintiff was travelling in an automobile upon and along Weaver Street in an easterly direction, and while Plaintiff, both before and at the time of his injuries, was in the exercise of ordinary care for his own safety, solely by the carelessness and negligence of the Defendants as aforesaid, Plaintiff's automobile then and there ran and sank and fell into said hole, rut and depression whereby Plaintiff lost control of his car and ran into a ditch and culvert throwing him upon and against the various portions of the car."

It appears that after the accident, but before suit was filed, Clark's attorneys wrote appellant asserting a claim for damages. Mr. Steele, appellant's president, on September 25, 1959, forwarded the correspondence from Clark's attorneys to appellee. In this letter he stated as follows:

"In connection with this claim, it is remotely possible that we might have some liability. However, we had no operations on this street at the time of the accident, August 7, 1959.

"We did, however, install sanitary sewer lines on Weaver Street * * * This project was completed on March 24, 1959, and formally accepted by the City of Houston on April 7, 1959.

"It is our opinion that the damages claimed * * * are probably due to operations of someone other than ourselves.

"We trust that you will investigate promptly and advise us if you need further assistance in the matter."

Suit was filed by Clark September 13, 1960. Immediately after citation was served, appellant delivered it and a copy of the petition to appellee. Appellee returned the citation, and the letter making the return contained this language: "We are attaching your letter, along with the Citation on

the above styled case. We advised you on November 17, 1959 by letter, that it was our thinking that this accident was not covered under your policy."

Appellant then told appellee it would, since appellee was refusing to defend, employ its own counsel but would hold appellee responsible for all expenses and attorneys fees incurred in defending suit.

It seems to be agreed, or at least appellant does not dispute, that as a matter of fact the work or operation had been completed at the time of Clark's accident, according to the date set out in the petition. The policy excludes coverage where the accident occurs off of assured's premises if the operation or work out of which the injuries grow has been completed or abandoned, that is, it excludes an obligation to pay any damages for the injuries. It is not contended that the policy would entitle appellant to be indemnified by appellee for any amount appellant paid by way of damages for injuries resulting from the accident. The contention of appellant is that an insurer's obligation to defend is determined not by a resolution of whether in fact the policy covered the accident but whether under the allegations of a plaintiff's petition against an assured it shows an accident covered by the policy.

Appellee apparently contends the trial court correctly sustained its motion for summary judgment for two reasons. First, because in fact the accident was not covered by the policy, and, second, the petition of Clark did not allege facts showing affirmatively an accident covered by the policy.

We need notice specifically only the provision of the policy creating the obligation to defend assured where suit is filed against him. It reads as follows:

"With respect to such insurance as is afforded by this policy, the company shall:

"(a) defend any suit against the insured *alleging* [emphasis ours unless otherwise

stated] *such injury,* sickness, or disease or destruction and seeking damages on account thereof, *even if such suit is groundless, false or fraudulent; * * * "*

It seems to be well settled that under a provision using the language above quoted, creating the obligation of an insurer to defend suits, the duty of the insurer to defend a given suit is determined by the allegations of the petition filed by a claimant against the assured. If such petition alleges facts showing an occurrence that comes within the coverage of the policy, then the insurer must defend. If, to the contrary, the petition alleges facts showing that the occurrence is without the coverage, there is no duty to defend. This last statement should, perhaps, be qualified to the extent of saying that even though there be inconsistent theories alleged, one of which shows coverage and one shows no coverage, the insurer is still obligated to defend. These rules are applicable, we think, whether the facts alleged are true or not. The reason is the contract itself. The insurer's undertaking to defend is not to defend those suits that in fact come within the coverage, but to defend those suits alleging liability within the coverage. In the policy here involved it is provided that: "With respect to such insurance as is afforded by this policy, the company shall: (a) defend any suit against the insured *alleging such injury * * * even if such suit is groundless, false or fraudulent."* Maryland Casualty Company v. Moritz, 138 S.W.2d 1095 (Tex. Civ.App.), writ ref.; United States F. and G. Co. v. Baldwin, 34 S.W.2d 815 (Tex. Com.App.); General Insurance Corp. v. Harris, 327 S.W.2d 651 (Tex.Civ.App.), no writ hist.; Travelers Insurance Co. v. Newsom, 352 S.W.2d 888 (Tex.Civ.App.), ref., n. r. e.; Liberty Mutual Ins. Co. of Texas v. Rawls, 358 S.W.2d 920 (Tex.Civ.App.), no writ hist.; Maryland Casualty Co. v. Knorpp, 370 S.W.2d 898 (Tex.Civ.App.), ref., n. r. e.; Maryland Casualty Co. v. Mitchell, 322 F.2d 37 (5th Cir.); Boutwell v. Employers Liability Assur. Corp., 175 F.2d 597 (5th Cir.); Hardware Mutual Casualty v. Shantz, 186 F.2d 868 (5th Cir.); 50 A.L.R.2d 461.

As we stated above, appellant apparently contends that since as a matter of fact the accident happened after the work had been completed as shown by the letter of Mr. Steele, the president of appellant, and as not disputed here, the appellee was not obligated to defend. The letter was written before suit was filed. It stated there was a remote possibility of liability on the part of appellant. On what this statement was based we do not know. It also stated the work of laying the sewer lines had been completed in March, 1959 and accepted by the City of Houston on April 7, 1959. Appellee pled no coverage because the work had been completed. We are of the view that the obligation to defend suit, however, is based, as above stated, on the allegations of the petition. We mention this specifically despite our discussion and citation of authorities above because there were two cases from Courts of Civil Appeals in Texas that held in case of inconsistency between the allegations of the petition and the determined facts the insurer had no obligation to defend. We refer to Trinity Universal Insurance Co. v. Bethancourt, 331 S.W.2d 943, no writ hist., by the Amarillo Court of Civil Appeals, and Massachusetts Bonding and Ins. Co. v. Roessler, 112 S.W. 2d 275, application for writ of error dismissed, by the Ft. Worth Court of Civil Appeals. The Amarillo Court had expressly followed the decision by the Ft. Worth Court. However, in the case of Traveler's Insurance Co. v. Newsom, supra, writ of error refused, no reversible error, a majority of the justices of the Amarillo Court of Civil Appeals refused to follow the previous decision and followed the prevailing weight of authority which is that the duty to defend is measured by the allegations of the claimant's petition filed against the assured. The Newsom case contains an exhaustive citation and discussion of the cases and it is unnecessary for us to repeat them here. It suffices that we say we hold that where the insurance policy contains the pro-

vision above quoted with regard to the insurer's obligation to defend, the obligation to defend is measured by the allegations in the claimant's petition even though those allegations are inconsistent with known or ascertainable facts.

■ We must now analyze Clark's petition filed against appellant to ascertain where it states a cause of action within the coverage. We should here note that the policy excludes coverage if the accident occurs away from the insured's premises if the operation has been completed or abandoned and it is specifically provided that the "operations shall not be deemed incomplete because improperly or defectively performed or because further operations may be required pursuant to an agreement."

Clark's petition alleged facts showing it occurred away from appellant's premises. It did not contain an express allegation that the work of appellant was continuing. Appellee says it "indicates" the work had been completed. We do not think it is essential to expressly allege the work was continuing or had not been completed or abandoned though in some of the decided cases there was some such language used. We think if there are allegations from which the reasonable reader would conclude that a continuing and unabandoned operation is being asserted there is an affirmative assertion of a claim within the coverage. To state it otherwise, if the allegations would admit of the introduction of evidence that would show a continuing operation there is an affirmative allegation of coverage. In case of doubt the pleading is to be construed most strongly against the insurer. We have found no Texas case precisely in point but the following authorities we think support the above principles: Boutwell v. Employers Liability Assur. Corp., 175 F.2d 597 (5th Cir.); Lee v. Aetna Casualty & Surety Co., 178 F.2d 750 (2nd Cir.); Saragan v. Bousquet, 322 Mass. 14, 75 N.E.2d 649; London Guarantee & Accident Co. v. White & Bros., 188 Va. 195, 49 S.E.2d 254; and Pow-Well Plumbing & Heat. v. Merchants Mut. Cas. Co., 195 Misc. 251, 89 N.Y.S.2d 469 (N.Y.City Court).

■ We do not know what the contract between the City of Houston and appellant provided except that under it appellant was laying sewer service lines from a main sewer line on Weaver Street to the individual houses. The language of paragraph VI of Clark's petition states in part that appellant, "at the time of committing the grievances herein alleged, was engaged in laying sewer lines from the main sewer to private homes." This language certainly can in reason be understood to mean at the time the wrongful acts were committed the operation was continuing. Immediately following this and as a part of the same sentence it is stated the defendant dug and excavated deep ditches across the street and that while thus digging such it was appellant's duty to provide for the safety of the public. Then paragraph VII alleges that appellant, not regarding such duty toward Clark, "while so engaged wrongfully and negligently permitted the ditch or trench to be covered over with dirt without proper packing and topping causing the ditch or trench to cave in and sink leaving large ruts, holes and depressions and leaving same to remain open * * * without guards or lights * * *" This language does not allege facts showing the operation of laying lines on the street had been completed because by the words "while so engaged" can only refer back to the description of the appellant's operation stated in the preceding paragraph that appellant "at the time of committing the grievances herein alleged, was engaged in laying sewer lines * * *" This can in reason be read to mean the operation was continuing. There is language saying appellant permitted the ditch or trench to be covered over causing the trench to cave in and leave holes, depressions and ruts. This might indicate a particular ditch was filled in. However, the same sentence also says "and leaving same open * * *" This could mean leaving the holes, ruts and depressions open, but it could just as reasonably

be read to mean leaving the ditch or a part thereof open. Too, when we read that it was engaged in laying sewer lines and it dug ditches, and then read that appellant permitted an inadequate filling in "the ditch" one can easily gather that the operation included numerous, or certainly more than one, ditches, and that one ditch included in the operation had been inadequately filled. From this, in the light of common knowledge and experience, an undertaking to lay sewer lines includes the digging of ditches and then adequately filling all of them, covered by the operation, before the operation will be considered to be completed. There is nothing indicating abandonment of the job. Too, even if we consider only the one ditch the language "leaving same open" can be understood to mean a part of the ditch was left open, but from the allegations that appellant "was engaged in laying sewer lines" one would get the impression it was left open while the work was continuing and in the light of experience one would conclude it was to be filled before the operation was completed. Then it is alleged Clark's automobile ran into said hole, rut and depression and Clark lost control and ran it into *a ditch* and culvert, causing his injury.

Considering the whole petition, we hold it contains allegations showing an uncompleted and unabandoned operation. The trial court was, therefore, in error in sustaining appellee's motion for summary judgment and overruling appellant's motion for judgment establishing liability.

█ The judgment of the trial court is reversed with directions to grant appellant's motion and render judgment that appellant is entitled to recover such reasonable expenses, including attorney's fees as were incurred in defending Clark's suit. What are the reasonable expenses is a question of fact.

We note appellant also sued for an attorney's fee for the bringing of this suit. The motion for summary judgment did not involve it and we express no opinion here as to whether it is recoverable.

Reversed and remanded, with instructions.

On Motion for Rehearing

Since we handed down our original opinion, it has come to our attention that on January 27 our Supreme Court handed down its opinion in the case of Heyden Newport Chemical Corporation et al. v. Southern General Insurance Co., Tex., 22 S.W.2d 387. This case, we feel, supports our decision in all respects.

The motion for rehearing is overruled.