## 11234

### KEEN v. ARMY CYCLE MFG. CO.

#### (117 S. E., 531)

1. APPEAL AND ERROR—APPELLANT CANNOT QUESTION RULINGS ON EVIDENCE SIMPLY "OBJECTED TO" WITHOUT STATEMENT OF GROUNDS.
—In an action for injuries caused by defendant's automobile, testimony that the driver after the accident stated he was working for

NOTE.—On making prima facie case of responsibility for negligence of driver of automobile by proof of defendant's ownership of car or employment of driver, see notes in 46 L. R. A. (N. S.) 1091 and L. R. A. 1918D, 924.

defendant, and had been sent out on a call, could not be reviewed on appeal where it was simply "objected to" without statement of the grounds of the objection.

2. EVIDENCE—DECLARATION BY AUTOMOBILE DRIVER AS TO EMPLOYMENT ACQUIESCED IN BY OWNER HELD ADMISSIBLE AS ADMISSION.—In an action for injuries caused by defendant's automobile, testimony that the driver after the accident stated in the presence of the president and manager of defendant company that he was working for defendant, and had been sent out on a call, *held* admissible as a declaration made in the presence of the adverse party apparently acquiesced in.

3. EVIDENCE—ADMISSION AS EVIDENCE OF AGENCY OF DRIVER OF AUTOMOBILE HELD FOR JURY.—In an action for injuries caused by defendant's automobile, declarations of the driver, tending to establish his employment, which were admissible as admissions acquiesced on the part of defendant's manager, *held* sufficient to warrant denial of nonsuit on the ground that there was no evidence that the driver was an agent or servant of defendant.

4. MASTER AND SERVANT—AGENCY OF DRIVER OF AUTOMOBILE HELD FOR JURY.—In an action for injuries caused by defendant's automobile, defended on the ground that the car had been stolen by the driver and was being used about his own business, *held* that denial of a directed verdict for defendant was not error in view of evidence tending to show agency, and the rule that one found in possession of property of another, using it in the service of another, is presumed to be the servant of the owner.

Before McIVER, J., Charleston, January, 1922. Affirmed.

Action by George Keen against Army Cycle Mfg. Co. Judgment for plaintiff and defendant appeals.

*Messrs. Hagood, Rivers & Young,* for appellant, cite: *Hearsay evidence:* 103 S. C., 477. *Owner not liable for injury where use of car was unauthorized:* 108 S. C., 179. *Agency cannot be proven by declarations of agent:* 17 S. C., 139; 39 S. C., 525; 44 S. C., 81. *State of facts proven is presumed to continue until contrary is shown:* 101 S. C., 40. *Liability if any is against the car:* 118 S. C., 267.

*Messrs. Logan & Grace* and *John I. Cosgrove,* for respondent, cite: *Admissions may be implied from conduct and acquiescence; and from silence:* 4 Rich., 146; 1 R. C.

L., 478; Green Ev., (15th Ed.) Secs. 196 et seq. *Sufficiency of proof of agency is for the jury:* 113 S. C., 501; 115 S. C., 3; 105 S. C., 491; 73 S. C., 49; 97 S. C., 150; 76 S. C., 531; 80 S. C., 211; 110 S. C., 566; 101 S. C., 64. *Where a fact is proved by incompetent testimony but afterwards by proper evidence, the error is harmless:* 53 S. C., 448; 101 S. C., 64. *Subsequent ratification is for the jury:* 97 S. C., 177; 95 Cent. Law. J., 187. *Defendant personally liable:* 118 S. C., 267; 106 S. C., 367.

May 16, 1923.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Action for $10,000 damages, on account of personal injuries sustained by the plaintiff, a pedestrian, in being struck by an automobile, owned by the defendant and being driven by a colored man, Isaiah Hutchinson, claimed to have been an employee of the defendant, in the discharge of his duties as such, on the streets of Charleston, July 11, 1920, alleged to have been caused by the negligence, recklessness, and wantonness of the defendant, its agents, and servants. The defendant, in its answer, denied the material allegations of the complaint and pleaded contributory negligence of the plaintiff.

The case was tried in January, 1922, before Circuit Judge McIver and a jury, resulting in a verdict of $2,750 actual damages, in favor of the plaintiff. The defendant made motions for nonsuit, directed verdict and new trial, upon grounds which sufficiently appear hereinafter, all of which were refused. From the judgment entered upon the verdict the defendant appeals upon the grounds:

(1) Error in admitting the alleged declarations of Isaiah Hutchinson, in reference to his employment by the defendant, testified to by Sergeant Garbene, of the police force.

(2) Error in refusing motion for nonsuit, made upon the ground that there was no evidence tending to show that

Isaiah Hutchinson was an agent or servant of the defendant, acting within the course of his employment.

(3) Error in refusing motion for a directed verdict, made upon the ground that Isaiah Hutchinson stole the car, which was securely locked, from the defendant, and was using it at the time about his own business or pleasure.

(4) Error in refusing motion for new trial unless the plaintiff would reduce the verdict to $850, the value of the car, upon the ground that there is no evidence to show that Isaiah Hutchinson was acting within the course of his employment at the time of the collision.

As to the first ground: There was no controversy in the case as to the negligence of the driver of the car, Isaiah Hutchinson, or of the serious injuries sustained by the plaintiff. The battle ground was the agency of Hutchinson and the consequent liability of the defendant for his conduct.

It appears from the testimony of Garbene, a traffic 1, 2 officer on the police force, that after the accident, a *subpœna* was issued requiring the attendance of a Mr. Rast, the president and manager of the defendant company; Mr. Rast appeared in Court and had the case continued; later he appeared bringing Isaiah Hutchinson with him; that at that time Hutchinson said in the presence of Rast that he was working for the defendant, and had been sent out upon a call. The record shows in reference to this testimony the simple words "objected to," without a statement of the grounds of the objection. Aside from the admissibility of this testimony as a declaration in the presence of the adverse party, apparently acquiesced in, the appellant, for the reason stated, is not in a position to question the admissibility of the testimony. *Piero v. Southern Exp. Co.,* 103 S. C., 477; 88 S. E., 269. We think, however, that the testimony was admissible, under the rule declared in 1 R. C. L., 478:

"Intimately connected with admissions that are implied by the acts or conduct of the party are admissions by silence

or acquiescence. If a statement is made in the hearing of another in regard to facts affecting his rights and he makes no reply, it may be a tacit admission of the facts stated."

As to the second question: The declarations of Hutchinson in the presence of the manager are evidence, not as the declarations of an agent, but, apparently acquiesced in by the manager, as admissions upon his part. There being thus some evidence tending to show the agency of Hutchinson, this ground cannot be sustained.

As to the third ground: However, strong and apparently conclusive the evidence for the defendant may have been that the car was stolen by Hutchinson and was being used at the time about his own business or pleasure, two considerations rendered it improper for the Circuit Judge to have granted a motion for a directed verdict: (1) There was evidence, from the declaration of Hutchinson that he was in the employ of the defendant, and had been sent out upon a call, tending to show the agency. (2) "When one is found in the possession of property of another, using it in the service of another, he is presumed to be the servant of the owner." *Osteen v. Oil Mills,* 102 S. C., 149; 86 S. E., 202, L. R. A., 1916B, 629. These conditions made the issue one of fact for the jury.

As to the fourth ground: This of course is disposed of by our conclusion in reference to the third ground.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.