**MARYLAND CASUALTY CO. v.
PEARSON et al.**

No. 141, Docket 22209.

United States Court of Appeals
Second Circuit.

Argued Jan. 8, 1952.

Decided Feb. 14, 1952.

Runals Taylor & Mallam, Niagara Falls, N. Y., James W. Mallam, Thomas R. Mathias, Niagara Falls, N. Y., of counsel, for plaintiff-appellee, Maryland Casualty Co.

Findlay, Argy & Hackett, Niagara Falls, N. Y., Paul H. Reid, Jr., Niagara Falls, N. Y., of counsel, for defendants-appellants, Leonard G. Pearson and Harold DeVantier.

Hunt & Hunt, Niagara Falls, N. Y., J. Edgar Hunt, Niagara Falls, N. Y., of counsel, for defendant-appellant, Frederick Stafford.

Before SWAN, CHASE and FRANK, Circuit Judges.

CHASE, Circuit Judge.

This appeal is by the defendants from a declaratory judgment determining that a policy of automobile liability insurance issued by the appellee to the appellant Pearson neither covered liability for personal injuries sustained by appellant Stafford in collision involving the vehicle described in the policy, an International truck, nor required the appellee to defend a suit brought by Stafford against Pearson and appellant DeVantier to recover for such injuries.

On June 24, 1949, Stafford, while riding with DeVantier in the International truck on a highway near Niagara Falls, N. Y. was severely injured when the accident occurred. At the time, the truck was being driven by DeVantier, an employee of Pearson, on his employer's business. Stafford sued Pearson and DeVantier in the state court to recover damages for his injuries and Pearson and DeVantier gave the ap-

pellee due notice of the suit as required by the policy.[1] The appellee disclaimed liability and refused to defend the suit on the ground that the policy did not cover either the truck or Pearson's and DeVantier's liability to Stafford who, so it claimed, was an employee of Pearson and excluded from coverage by the terms of the policy. Thereupon, Pearson and DeVantier filed a cross-complaint against the appellee in the state court which, however, was dismissed upon motion, and there being diversity jurisdiction, the appellee brought this suit against them and Stafford for a declaratory judgment determining the rights of the parties under the policy. Meanwhile, the suit in the state court has been continued.

■ The suit was tried below to the court and it was found upon ample evidence that, at the time of the accident, there was in force a policy of liability insurance which had been issued to Pearson by the appellee and which covered, within the limits and terms of the policy, liability for injuries arising out of the use of that truck. The appellee has not appealed from the judgment and so that coverage has been established for the purposes of this appeal. Standard Accident Ins. Co. v. Roberts, 8 Cir., 132 F.2d 794.

■ It was not disputed that the truck was being driven by DeVantier in connection with Pearson's business when the accident occurred but, whether Stafford was an employee or merely a passenger, was sharply disputed. It was found that he was a temporary employee and the first question presented is whether that finding was based upon substantial evidence. If there was no error in the admission of evidence, about which more will be said later, we think the finding was so supported.

Stafford, who was on vacation from his regular work for another employer, had previously worked for Pearson in his spare time and knew what was expected of a man helping DeVantier on the truck. After the accident, an insurance adjuster for the appellee interviewed DeVantier who signed, in the presence of Pearson, a written state-

ment of his version of the accident and in which he said that Stafford was an employee of Pearson at the time he was injured. Pearson was in and out of the room when DeVantier gave his statement and knew he had so described Stafford but made no protest, although he refused to sign the statement himself because he was not present when the accident occurred. Moreover, the insurance adjuster testified that Pearson told him that Stafford was working for him at the time of the accident and that he owed him for three days' pay which he was going to give to Stafford's wife. DeVantier had previously reported the accident to Pearson's insurance broker who prepared, and DeVantier signed, an accident report for the state Bureau of Motor Vehicles in which Stafford was described as "a helper." Stafford, whom appellants claimed was merely a passenger riding to meet his brother-in-law who drove another truck for Pearson and whose route intersected DeVantier's on the day of the accident, had started with DeVantier at nine o'clock in the morning and had ridden with him until the accident occurred at about four o'clock in the afternoon. Such being the evidence, we cannot hold that the conclusion reached was clearly erroneous and accept the findings as made. Rule 52(a), Fed.Rules Civ. Proc., 28 U.S.C.A.

■ The alleged errors in the admission of evidence concern the written statements of DeVantier which were offered when he was testifying. They were, of course, admissible against him and, when they were offered, they were received only against him, the court stating, "I do not know how they can be binding upon the others." Upon being assured "That this is not all the evidence" the court said, "That's all right. In any event at the present time I will receive it against the witness here. If you have some other testimony that will be forthcoming it may go against all of them." There was other testimony, as above outlined, to show that Pearson knew the contents of the statement signed for the insurance adjuster and, as both DeVantier and Pearson were then giving the adjuster in-

1. The policy covered, in its definition of "insured," persons driving with the con-

sent of Pearson as well as Pearson himself.

formation about the accident, the information given by DeVantier was, under the circumstances, sufficiently acquiesced in by Pearson to make it an admission by him that Stafford was in his employ. Keen v. Army Cycle Mfg. Co., 124 S.C. 342, 117 S.E. 531; 4 Wigmore, Evidence, § 1072 (3rd ed., 1940). Moreover, neither as to it nor as to the statement by DeVantier to the insurance broker should we make the gratuitous assumption that the experienced trial judge erroneously weighed the evidence. They were but cumulative anyway. As Stafford's rights against the appellee were derived through Pearson and DeVantier, a defense good against them was also good against him, Hoff v. St. Paul-Mercury Indemnity Co. of St. Paul, 2 Cir., 74 F.2d 689, and the same rule should apply to evidence offered to prove that defense. But cf. Columbia Casualty Co. v. Thomas, 5 Cir., 101 F.2d 151.

However, although the appellee was not liable under the policy for any damages recovered by Stafford in his suit, whether it was bound to defend that suit depends upon different considerations.

What is called "Coverage A" in the policy relates to bodily injury liability, the only kind alleged in the state suit, and the insurer's agreement is: "To pay on behalf of the insured all sums which the Insured shall be legally obligated to pay as damages because of bodily injury * * * sustained by any person, caused by accident arising out of the ownership, maintenance or use of the automobile."

The insurer also agreed, in a part of the policy designated II, as follows:

"As respects the insurance afforded by the other terms of the policy under coverage(s) A * * * the company shall:

"(a) defend any suit against the insured alleging such injury * * * and seeking damages on account thereof, even if such suit is groundless, false, or fraudulent: * * *"

Nevertheless, the appellee argues that other provisions of the agreement relieve it of any obligation to defend Stafford's suit since he was an employee of Pearson. The first such provision, which is apparently directed at the rights of DeVantier, states:

"* * * The insurance with respect to any person or organization other than the named insured does not apply:

* * * * * *

"(b) to any employee with respect to injury to * * * another employee of the same employer injured in the course of such employment in an accident arising out of the maintenance or use of the automobile in the business of such employer."

The other provisions, apparently relating to the rights of Pearson, state:

"This policy does not apply:

* * * * * *

"(d) under coverage(s) A * * * to bodily injury to any employee of the insured while engaged in the employment of the insured * * * if benefits therefor are either payable or required to be provided under any workmen's compensation law;

"(e) under coverage A, to any obligation for which the insured or any company as his insurer may be held liable under any workmen's compensation law. * * *"

While we agree that, since Stafford was determined to be an employee of Pearson and entitled to workmen's compensation under the New York law, the appellee was not liable to defend the suit he brought, it does not necessarily follow that the appellee could refuse to defend prior to that determination. In Lee v. Aetna Casualty & Surety Co., 2 Cir., 178 F.2d 750, 753, we had occasion to consider the same question under a similar policy and are disposed to follow that case for the reasons there stated. We held that, if the complaint in the suit brought alleged, or at least, did not exclude, a basis for recovery for which the insurer would be liable, the insurer was obliged to defend the suit "until it could confine the claim to a recovery that the policy did not cover." This was not done until the judgment herein below was entered and, consequently, the appellee did have an obligation to defend the suit until that time. The judgment should be modified to declare that to be the obligation of the appellee.

Judgment modified as above and, as modified, affirmed without costs.