SEARS, ROEBUCK & CO., Plaintiff-Appellee,

v.

TRAVELERS INSURANCE COMPANY, Defendant-Appellant.

No. 12373.

United States Court of Appeals Seventh Circuit.

Dec. 17, 1958.

W. H. Symmes, Chicago, Ill., David Jacker, Robert A. Deane, Chicago, Ill., (Kirkland, Ellis, Hodson, Chaffetz & Masters, Chicago, Ill., of counsel), for defendant-appellant, Travelers Ins. Co.

Burton Y. Weitzenfeld, Chicago, Ill., (Louis A. Lehr, Jr., Hugh J. Schwartzberg, Chicago, Ill., on the brief), for plaintiff-appellee.

Before FINNEGAN, SCHNACKENBERG, and KNOCH, Circuit Judges.

KNOCH, Circuit Judge.

This action was submitted to the Trial Court on two stipulations of fact and the pleadings for declaratory judgment to construe certain provisions of a "Comprehensive General Liability Policy", containing a products (vendor's) endorsement. Defendant (hereinafter called "Travelers",) appeals from judgment

for plaintiff, (hereinafter called "Sears",) on the ground that the Trial Court's conclusions of law are erroneous.

Sears purchased cane chairs from defendant's insured wholesaler, The Otto Gerdau Co., (hereinafter called "Gerdau",) which were received in July, 1955, one of which was put on display in Sears' store in Ft. Lauderdale, Florida, on or about October 4, 1955. On October 6, 1955, one of the chair's legs collapsed under Louise White, who, with her husband, sued Sears and Gerdau, in the courts of Florida, for injuries sustained.

In her second amended complaint, the only charge as to wrongdoing against either defendant was that Sears "knew or should have known that the aforesaid cane chair was in a defective condition and not fit for its intended use * *"

At all times material to this action, there was in full force between Travelers and Gerdau a "Comprehensive General Liability Policy" which, *inter alia*, contained a defense clause, products liability coverage and products or vendor's endorsements.

This policy provided:

"6. Definitions.

\* \* \* \* \* \*

"(c) Products Hazard. The term 'products hazard' means

"(1) the handling or use of, the existence of any condition in or a warranty of goods or products manufactured, sold, handled or distributed by the named insured, * * if the accident occurs after the insured has relinquished possession thereof to others and away from premises owned, rented, or controlled by the insured . * * *"

The products endorsements as to furniture vendors provided:

"I. The insurance does not apply

"(A) To liability arising from the negligence of such person or organization;

"(B) To any express warranty unauthorized by the named insured;

"(C) To any person or organization from whom the named insured

has acquired any such goods or products, or any ingredient, part or container entering into, accompanying or containing any such goods or products."

Travelers declined Sears' tender of defense of the White suit until April 25, 1957, when counsel for Travelers wrote counsel for Sears:

"I have now been authorized to advise you that without admitting in any sense of the word that The Travelers Insurance Company is obligated to defend your client, * * we will take over the defense of this suit * * * with the specific understanding to you that The Travelers reserves all of its rights to turn back to you on behalf of Sears, Roebuck & Company, the defense of this suit at any time it appears that The Travelers is not obligated to defend."

In August, 1957, the attorneys employed by Travelers, to defend Sears against the White suit, moved for a summary judgment on the pleadings and depositions of Mr. and Mrs. White. No affidavits were filed by either party in connection with this matter. On September 10, 1957, this motion for summary judgment was denied.

Travelers then informed Sears that it would continue to defend Sears only on condition that Travelers would not be required to pay or satisfy any judgment and that Travelers would pay no sum of money in settlement of the case.

Sears informed Travelers that it would not accept this condition.

This action by Sears against Travelers for declaratory judgment followed.

 The policy and endorsements in question are before the Court on stipulation. The District Court adopted the stipulated facts as the Court's findings of facts, and concluded that Travelers was obligated under and by virtue of its policy of insurance with Gerdau to defend Sears against the White suit then pending and to pay any judgment there rendered against Sears unless such judg-

ment were predicated upon a defect in the chair caused solely by the negligence of Sears, or upon an express warranty of Sears which was unauthorized by Gerdau.

Although Sears prevailed in the White litigation, while this appeal was pending, this matter is not rendered moot. Sears seeks to recover its expense in defending the White suit, for which Sears contends Travelers is liable. Travelers urges that an important question remains as the District Court ruling has destroyed a distinction, for which Travelers argues, between the type of products endorsement to the policy before us and another type of endorsement, not a part of the case, under which Travelers undertakes to provide the type of coverage here resisted.

This other type of endorsement, which Travelers contends was in existence, was never introduced in evidence. Under these circumstances, the Court must look exclusively to the endorsement before us to determine the rights of the parties.

The coverage provided Gerdau, and extended by endorsement to Sears, required Travelers to defend all suits, whether groundless or not, brought on account of the " * * * existence of any condition in or a warranty of goods or products manufactured, sold, handled or distributed by the named insured, * * *"

The endorsement clearly excludes insurance for liability arising from Sears' own negligence.

However, as Sears contends, it is the condition of the goods that determines coverage and not the theory upon which recovery may be sought in an action against Sears.

The facts alleged by Mrs. White, even though she asserted that Sears ought to have known of the defect, are still equally consistent with a manufacturer's defect or a defective condition arising from some other cause and do not exclude a condition existing in the chair at the time Sears acquired it from Gerdau.

The parties stipulated that Mrs. White made the following statement:

"I did look it over, but I didn't see anything wrong with it. I do know it had that reed woven around the leg. You probably couldn't see if it was defective or not." * * *.

"It seemed like a perfectly solid chair when I sat down. When I just got ahold and sat down, it felt like a perfectly solid chair, but I don't know what happened; it just broke off."

So long as the White complaint did not exclude a basis for recovery for which Travelers would be liable by any reasonable inference, Travelers was obligated to defend the suit until it could confine the claim to a recovery that the endorsement clearly did not cover, and not merely one which it might not cover. Lee v. Aetna Casualty & Surety Co., 2 Cir., 1949, 178 F.2d 750, 753; Maryland Casualty Co. v. Pearson, 2 Cir., 1952, 194 F.2d 284, 287; Boutwell v. Employers' Liability Assurance Corp., 5 Cir., 1949, 175 F.2d 597, 600.

Sears protests that Travelers has untimely raised its defense that coverage is excluded becaue the accident occurred while the chair was still on Sears' premises and in its possession. Travelers answers that the point was raised and argued in the briefs of both parties in the District Court.

The original policy issued February 2, 1953. It did not then include any vendor's endorsements. It was issued to cover liability due to the nature of the original wholesaler's product. This coverage attached when the product left Gerdau's premises. Accidents occurring away from Gerdau's premises and on Sears' premises were covered by the underlying policy.

The endorsements extended coverage against the same hazard to retailers.

However, Travelers argues that by virtue of this extension of coverage, Sears, itself, became an "insured" and thus was no longer protected against ac-

cidents on its own premises regardless of cause. Contracts of insurance must be construed according to the sense and meaning of the terms used by the parties, and where, as here, those terms are clear and unambiguous, the contract should be so construed and enforced.

 The interpretation for which defendant contends appears strained and unreasonable.

If Travelers' construction were correct, then Sears would not only be relegated to the same position it occupied before the endorsements were added, but Gerdau would lose some of the protection of the policy which it enjoyed prior to the purchase of the endorsements.

We do not reach the questions of waiver and estoppel discussed in the briefs, as we find the District Court properly construed the policy and endorsement.

Judgment affirmed.

FINNEGAN, Circuit Judge (concurring).

I think Judge KNOCH reached the right result.