SEARS, ROEBUCK AND CO., Plaintiff,

v.

LIBERTY MUTUAL INSURANCE COM-
PANY, an insurance corporation,
Defendant.

Civ. A. No. 60 C 474.

United States District Court
N. D. Illinois, E. D.

Dec. 8, 1961.

Burton Y. Weitzenfeld and Hugh J. Schwartzberg, Chicago, Ill., Kahn, Adsit & Arnstein, Chicago, Ill., of counsel, for plaintiff.

L. H. Vogel, Chicago, Ill., for defendant.

WILL, District Judge.

This is a suit under 28 U.S.C. § 2201 to declare the rights of the parties under an insurance policy issued by defendant to the Power Products Corporation and by endorsement extended to plaintiff under certain conditions. Jurisdiction is founded on diversity of citizenship and the requisite dollar amount is alleged.

Plaintiff on motion for summary judgment seeks a determination that (1) the policy of insurance and the vendor's endorsement thereto are and were at all material times valid and enforceable; (2) defendant is obligated to defend plaintiff in a suit brought against plaintiff in the Circuit Court of Cook County; (3) defendant is further obliged to reimburse plaintiff for any sums so far expended and to be expended in defense of that suit; and (4) any judgment rendered against plaintiff in the Circuit Court action shall be paid by defendant unless that judgment is not attributable to the negligence of Power Products or is traceable solely to the negligence of Sears.

The policy and endorsement in question as well as the amended complaint in the Circuit Court of Cook County together with excerpts from the answers to interrogatories addressed to the plaintiff in the Circuit Court action and certain affidavits are before the Court as exhibits.

The complaint in the Circuit Court action alleges that the plaintiff there was injured by the rotary blade of a lawnmower purchased from Sears and containing a motor manufactured by Power Products. It alleges in count one various omissions and acts of negligence by Sears in handling, delivering and failing to inspect "an inherently dangerous and defective lawnmower" resulting in the plaintiff's injury. In count two, it in-

corporates all of the allegations of count one and further alleges negligence by Power Products in the manufacture, design, handling and inspection of the "inherently dangerous lawnmower".

By its insurance policy, Liberty Mutual agreed to defend all suits against its assured, Power Products, with respect to the hazards covered, even if such suits are groundless, false or fraudulent. One of the hazards covered is the product hazard defined under the policy as "goods or products manufactured, sold, handled or distributed by the named insured". Attached to the policy is a "Products Liability Endorsement—Vendors" by which the coverage of Power Products is extended to its vendors subject to certain exceptions.

Liberty Mutual asserts that the state court complaint, without more, fails to make allegations sufficient to invoke the defense clause in the policy. It asserts further that plaintiff Sears finds it necessary to rely on the answers to certain interrogatories in addition to the complaint to justify its summary judgment motion. It is immaterial, however, whether plaintiff has supported its motion with information beyond the complaint in the Circuit Court action, since Liberty Mutual's obligation to defend is clear solely from an examination of that complaint.

In Lee v. Aetna Casualty & Surety Co., 2 Cir. 1949, 178 F.2d 750, 751–753, an appeal from the grant of a motion for summary judgment in an action involving a similar question, the Court, through Chief Judge Learned Hand, indicated the approach to be taken:

> "The validity of the second count depends upon the meaning of the defendant's promise to 'defend * * any suit against the Insured alleging injury, sickness, disease or destruction covered by this Policy * * * even if such suit is groundless, false or fraudulent.' This language means that the insurer will defend the suit, if the injured party states a claim, which, qua claim, is for an injury 'covered' by the policy; it is the claim which determines the insurer's duty to defend; and it is irrelevant that the insurer may get information from the insured, or from anyone else, which indicates, or even demonstrates, that the injury is not in fact 'covered.' The insurer has promised to relieve the insured of the burden of satisfying the tribunal where the suit is tried, that the claim as pleaded is 'groundless.'

> \* \* \* \* \*

> "Whether the insurer ought to defend such an action at least until it appears that the claim is not covered by the policy is not free from doubt; but it seems to us that we should resolve the doubt in favor of the insured. In most cases—the case at bar was one—it will not be difficult for the insurer to compel the injured party to disclose whether the injury is within the policy; and, if it transpires that it is not, the insurer need go on no longer. \* \*

> "It follows that, if the plaintiff's complaint against the insured alleged facts which would have supported a recovery covered by the policy, it was the duty of the defendant to undertake the defence, until it could confine the claim to a recovery that the policy did not cover. \* \* \*"

As previously indicated, the second count of the complaint in the Circuit Court action charges the assured, Power Products, with negligence. Accordingly, it is inferable from the terms of that complaint that the alleged defect in the lawnmower may ultimately be traceable to the assured, Power Products. The duty to defend depends not on whether any ultimate liability must necessarily be covered by the policy but on whether under any of the allegations of the pleadings it might be so covered. Accordingly, until such time as it becomes clear that the claim could not be covered by the policy, Liberty Mutual has the duty to defend it.

Nor does the fact that the complaint in the Circuit Court fails explicitly to allege that the motor was defective when it left the hands of Power Products alter this conclusion since, by the same token, the complaint does not allege that it was not then defective. In Sears, Roebuck & Co. v. Travelers Insurance Co., 7 Cir., 1958, 261 F.2d 774, the Court said (p. 777):

"So long as the White complaint did not exclude a basis for recovery for which Travelers would be liable by any reasonable inference, Travelers was obligated to defend the suit until it could confine the claim to a recovery that the endorsement clearly did not cover, and not merely one which it might not cover. Lee v. Aetna Casualty & Surety Co., 2 Cir., 1949, 178 F.2d 750, 753; Maryland Casualty Co. v. Pearson, 2 Cir., 1952, 194 F.2d 284, 287; Boutwell v. Employers' Liability Assurance Corp., 5 Cir., 1949, 175 F.2d 597, 600."

It follows, therefore, that plaintiff's motion for summary judgment should be granted insofar as it seeks a determination that (1) the policy of insurance and the vendor's endorsement are and were at all material times valid and enforceable; (2) defendant Liberty Mutual Insurance Company is obligated thereunder to defend the plaintiff Sears, Roebuck and Co. in the Circuit Court action until such time as it can clearly limit the claim in such action to a matter not covered by its policy; and (3) defendant Liberty Mutual Insurance Company is obligated to reimburse plaintiff for moneys which it has heretofore expended in defending that action.

With respect to the payment of any judgment which may be rendered against Sears in the Circuit Court action or of any expenses which it may incur hereafter in the defense of such suit, the motion for summary judgment is premature and should be denied without prejudice to renewal thereof at some future date in the event that a judgment is rendered against Sears or the latter incurs expenses in the future on account of the defense of such suit. At that time it will be possible to determine whether or not such judgment or expenses are within the coverage of the policy and the endorsement thereto.

An order consistent with the above will be entered.