The FIDELITY AND CASUALTY COM-
PANY OF NEW YORK, Appellant,

v.

Dr. Wells RILEY and Mrs. Mildred
Lillibridge, Appellee.

Dr. Wells RILEY, Appellant,

v.

The FIDELITY AND CASUALTY COM-
PANY OF NEW YORK, Appellee.

No. 23857.

United States Court of Appeals
Fifth Circuit.

July 6, 1967.

Rehearing Denied Aug. 4, 1967.

———◆———

Hamilton Lokey, Atlanta, Ga., Gerald F. Handley, R. Lamar Brannon, Atlanta, Ga., for appellant, Fidelity & Casualty Co. of New York.

Sam F. Lowe, Jr., Smith, Cohen, Ringel, Kohler, Martin & Lowe, Atlanta, Ga., for Dr. Riley.

Mildred Lillibridge, pro se.

Before BROWN and BELL, Circuit Judges, and BREWSTER, District Judge.

GRIFFIN B. BELL, Circuit Judge:

This appeal is from a declaratory judgment entered for Dr. Riley, the defendant in a suit brought by the insurance company to settle coverage under a malpractice endorsement to a public liability insurance policy. Subsequent to the filing of the declaratory judgment action, Dr. Riley prevailed in the three suits which had been brought against him by a former patient and her husband. This obviated all questions except his claim for attorneys fees and costs incurred in defending the three suits and in defending the declaratory judgment action.

Prior to filing the declaratory judgment action, the insurance company had undertaken the defense of the first suit against Dr. Riley. It was filed by the former patient. Some months later the insurance company withdrew from the defense on the ground that no coverage was afforded under the policy. The defense was taken over by Dr. Riley's personal counsel who had been in the case from the beginning to protect the doctor's interest since the suit was for an amount above the limits of the policy. The two additional suits were filed after the declaratory judgment action had been filed; another by the patient, and one by her husband. Dr. Riley's personal counsel also defended these.

The court awarded the attorneys fees and costs incurred in the defense during the period after the insurance company withdrew its defense in the first suit, and in the defense of the other two suits. The insurance company contends that it owed the doctor nothing and this forms the issue on its appeal. The court refused to award attorneys fees and costs to Dr. Riley for his personal representation in the first suit during the period prior to the time the insurance company withdrew, and also refused the prayer for fees and costs incurred in defending the declaratory judgment action. This refusal forms the subject matter of the cross-appeal taken by Dr. Riley. On the appeal, we affirm as to the award on the first suit, and reverse as to the other two suits. We affirm on the cross-appeal.

I.

The controversy centers around coverage and estoppel. The malpractice endorsement was effective on and after December 22, 1958. The patient sued the doctor in January 1960 for allegedly having failed to diagnose her tubercular condition while she was under his care beginning in October 1957. The suit did not set out a treatment termination date but merely alleged that in March 1959 another doctor discovered her tubercular condition. The suit on its face thus indicated that the insurance company owed the doctor at least a defense.

Immediately after service of the first suit, Dr. Riley's personal counsel con-

tacted the Jonesboro, Georgia agent of the insurance company, advised him of the suit, and that the date of the last treatment of the patient by Dr. Riley was the very date that the policy became effective, December 22, 1958. The insurance agent contacted the company's adjuster in Atlanta regarding the suit and advised him that the doctor had last treated the patient on December 22, 1958. There is some evidence that he was told that the treatment on that day was for pleurisy although the testimony could have referred to prior treatment for pleurisy which was the fact. The December 22 treatment was simply to remove sutures following an earlier breast operation which had been performed on the patient in Atlanta by another doctor. There was no treatment whatever for pleurisy. The patient telephoned the doctor a few days after December 22 to learn that a tumor which had been removed in the operation was not malignant. There was no other contact thereafter between the patient and the doctor. The doctor had last given diagnostic treatment to the patient in November 1958 when the tumor was discovered and she was referred to the Atlanta surgeon. With these facts at hand, the insurance company accepted coverage, sought no reservation of rights, and assumed the defense of the suit. Dr. Riley insisted on a letter from the insurance company that it had accepted coverage and such a letter was written on January 25, 1960.

Dr. Riley then employed personal counsel, at his own expense, to assist insurance counsel in the defense of the suit because the damages claimed exceeded the policy limits. There was no discussion of coverage between his lawyer and the insurance company's lawyers and matters went along normally until August 23, 1960 when the deposition of the patient was taken. Her testimony made it crystal clear that her claim against Dr. Riley was based upon his alleged negligence between October 1957 and November 1958, a period outside the coverage of the policy. The insurance company notified Dr. Riley by letter dated August 31, 1960 that there was no coverage under the policy, and that it was withdrawing from further participation in the suit.

Dr. Riley immediately demanded that the company resume the defense and pay any judgment that might be rendered against him up to the limits of the policy. The company refused and its counsel withdrew from the suit.

The suit for declaratory judgment against Dr. Riley was filed on November 8, 1960. As stated, the patient's first suit was then pending. Thereafter the patient's husband sued Dr. Riley for loss of services and consortium and for medical expenses. The insurance company offered to defend the suit under a reservation of rights but its offer was declined. The first suit filed by the patient having been dismissed in the meantime for lack of diversity jurisdiction, she then filed another suit. The insurance company also offered to defend this suit under a reservation of rights but the offer was likewise declined. This suit was dismissed as being barred by the statute of limitations and the husband's suit was dismissed for want of prosecution. At this point, any question of responsibility for a judgment to the patient or her husband was eliminated from the declaratory judgment case. Dr. Riley amended his answer to assert a counterclaim wherein he sought to recover all attorneys fees and expenses incurred by him in connection with the three malpractice suits and the declaratory judgment action. The District Court then entered its judgment as heretofore stated.

## II.

We will first dispose of the cross-appeal. The insurance company withdrew from the defense of the first suit on August 31, 1960. Its defense had been full and complete to that point and the doctor's counsel was participating in the case only because of the suit claiming damages in excess of the policy limits. The District Court properly denied Dr.

Riley his attorneys fees and expenses incurred prior to the date the insurance company withdrew, August 31, 1960. We know of no theory whereunder the insurance company could be cast with these personal expenses of the doctor, and no authority is cited in support of such a recovery.

Dr. Riley also asserts on the cross-appeal that he was entitled to recover attorneys fees for the defense of the declaratory judgment action and for the prosecution of his cross claim against the insurance company for expenses. The law is settled in Georgia that attorneys fees and expenses may not be recovered in such a case in the absence of showing bad faith in filing the suit for declaratory judgment, or that the insurance company was stubbornly litigious. Maryland Casualty Co. v. Sammons, 1940, 63 Ga.App. 323, 11 S.E.2d 89. The proof here falls far short of such a showing. See also Milwaukee Mechanics Insurance Co. v. Davis, 5 Cir., 1952, 198 F.2d 441. Dr. Riley was not entitled to recover attorneys fees or expenses in the declaratory judgment action. The judgment of the District Court on the cross-appeal is affirmed in all respects.

### III.

Dr. Riley depends on the doctrine of estoppel to sustain his claim that the insurance company should pay the cost of his defense. This is a diversity case and we take our law on the estoppel doctrine from the Georgia courts. In State Farm Mutual Automobile Insurance Company v. Anderson, 1961, 104 Ga.App. 815, 818, 123 S.E.2d 191, the court said:

" * * * It is the law of Georgia and * * * 'the general rule supported by the great weight of authority * * * that if a liability insurer, with knowledge of a ground of forfeiture or noncoverage under the policy, assumes and conducts the defense of an action brought against the insured, without disclaiming liability and giving notice of its reservation of rights, it is thereafter precluded in an action upon the policy from setting up such ground of forfeiture or noncoverage. * * * * ' "

This rule was first enunciated in Georgia in the case of Jones v. Georgia Casualty & Surety Company, 1953, 89 Ga.App. 181, 79 S.E.2d 861. That case goes on to say that the insurer's conduct in going forward with the defense operates as an estoppel to later contest an action upon the policy regardless of the fact that there has been no misrepresentation or concealment of material fact on its part, and notwithstanding the facts may have been within the knowledge of the insured equally as well as within the knowledge of the insurer. Good faith in such a case is not an issue, and prejudice to the insured by the assumption and the conduct of the defense is conclusively presumed.

In Gant v. State Farm Mutual Automobile Insurance Company, 1964, 109 Ga.App. 41, 134 S.E.2d 886, the court reiterated the estoppel rule, *supra,* but pointed out that where the fact or facts giving rise to the forfeiture or noncoverage come to light only after the insurer enters upon a defense of a suit, the estoppel would not arise since knowledge of such facts on the part of the insurance company before it enters upon the defense is essential to any estoppel. Where the " * * * insurer has knowledge of the facts but does not feel safe in making a determination as to a proper course of action it may enter upon a defense under a reservation of rights and then seek a declaratory judgment. The reservation may be effected by an agreement between the insurer and the insured or by the giving to the insured of proper notice of its position by the insurer". (109 Ga.App. at pp. 43, 44, 134 S.E.2d at p. 888.)

This statement of law poses the issue here. The insurance company sought no reservation of rights in connection with the first suit. Rather, it accepted coverage. Was it sufficiently

on notice regarding the question of non-coverage by reason of knowing the treatment dates and the type of treatment administered to give rise to an estoppel? The District Court found that the insurance company had sufficient notice through the advice given by Dr. Riley's counsel to the local insurance agent, and in turn by him to the adjuster, that Dr. Riley had last seen the patient on December 22, 1958. Such further investigation, if any, as was made by the insurance company thereafter is not disclosed in the record. Coverage was discussed and the insurance company made a considered decision, orally and in writing, that there was coverage and then undertook the defense. It took no action whatever to protect its position. Under the Georgia law an estoppel arose against the insurance company insofar as the first suit by the patient against Dr. Riley is concerned. We affirm the judgment of the District Court to the extent that it pertains to that suit.

The insurance company relies on a line of cases which hold that where the complaint does not expressly allege facts which put the asserted liability within the terms of the policy but contemplates an injury which may be within the policy, the promise to defend contained in the policy makes it the duty of the insurance company to undertake the defense until it can be shown that the claim is not covered. Lee v. Aetna Casualty & Surety Company, 2 Cir., 1949, 178 F.2d 750; Pittsburgh Plate Glass Company v. Fidelity and Casualty Company of New York, 3 Cir., 1960, 281 F.2d 538; Boutwell v. Employers' Liability Assurance Corp., 5 Cir., 1949, 175 F.2d 597; Sears Roebuck & Co. v. Travelers Insurance Company, 7 Cir., 1958, 261 F.2d 774; and Upper Columbia River Towing Company v. Maryland Casualty Company, 9 Cir., 1963, 313 F.2d 702. These cases are not in point. They do not involve factual situations where the insurance company, as the District Court found here, was on notice that coverage was in doubt. They are consistent with Gant v. State Farm Mutual Automobile Insurance Company, supra, which requires knowledge, prior to assuming or going forward with the defense, to give rise to an estoppel. The key is that the insurance company must act to reserve its rights at the time it receives notice that the claim in issue is not or may not be covered.

■ This leaves for decision that part of the judgment which imposed the attorney fees and cost incurred by Dr. Riley in defending the suit filed by the patient's husband and the second suit filed by the patient. In each of these cases the insurance company immediately tendered a defense under a reservation of rights and did not go forward with the defense when the tenders were refused. It is not estopped under these facts and under the Georgia cases above cited but, on the other hand, reserved and preserved its rights as the law provides until the question of coverage could be settled in the declaratory judgment action. It is undisputed that the policy afforded no coverage for the alleged malpractice which formed the basis of the suits. There being no coverage, and the insurance company having preserved its position, it follows that the District Court erred in awarding attorneys fees and expenses to Dr. Riley for the defense of these two suits.

The judgment is reversed to this extent and the case remanded so that the judgment may be corrected to eliminate the attorneys fees and expense awarded in connection with these two suits. Otherwise, the judgment is affirmed on the appeal and cross-appeal.

Affirmed in part; reversed in part; and remanded for further proceedings not inconsistent herewith.