**1350**

**SEARS, ROEBUCK AND CO., a New York corporation, Plaintiff,**

v.

**ZURICH INSURANCE COMPANY, an Insurance corporation, Defendant.**

**No. 68 C 1893.**

United States District Court,
N. D. Illinois, E. D.

Jan. 29, 1971.

See, also, 7 Cir., 422 F.2d 587.

Arthur L. Klein and Burton Y. Weitzenfeld, Arnstein, Gluck, Weitzenfeld & Minow, Chicago, Ill., for plaintiff.

John M. Moelmann, Perry L. Fuller and Thomas Weithers Hinshaw, Culbertson, Moelmann & Hoban, Chicago, Ill., for defendant.

## MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

ROBSON, Chief Judge.

The plaintiff moves for summary judgment. For the reasons set forth below, this court is of the opinion the motion should be granted.

The plaintiff, Sears, Roebuck and Company ("Sears"), a New York corporation with its principal place of business at Chicago, Illinois, brings this action against the defendant, Zurich Insurance Company ("Zurich"), a Swiss corporation with its principal place of business at Zurich, Switzerland, for a declaration of its rights under an insurance policy issued by the defendant. The controversy arises out of a suit against Sears filed by John and Elizabeth Malone in the Superior Court of Suffolk County, Massachusetts, and subsequently removed to the United States District Court at Boston. The Malone complaint charged that a television set they purchased from Sears exploded and burned in their home, causing property damage in the amount of $45,500. The television set in question had been manufactured by Warwick Electronics, Inc. ("Warwick"), Zurich's principal insured. The Malone complaint alleged in six counts that the television set had been defectively manufactured, and in two counts alleged that the television set had been improperly serviced by Sears. It is undisputed that the six counts alleging defective manufacturing state facts which, if proven, would be covered by the insurance policy in question. However, the two counts involving alleged improper servicing are excluded from coverage by the terms of that policy. Neither Zurich nor Warwick were parties to the Malone action.

Although tendered the defense of the Malone suit, Zurich refused to defend on Sears' behalf. Sears then filed this action, seeking a declaration of rights under the policy of insurance issued by Zurich to Warwick and extended to Sears by reason of a vendors' endorsement. Specifically, Sears seeks a declaration that by virtue of the insurance policy and its extension to Sears, Zurich was obligated to defend and indemnify Sears in the Malone action. During the pendency of the declaratory judgment action in this court, the Malone suit was tried to a verdict and judgment was entered on Sears' behalf. The United States Court of Appeals for the First Circuit dismissed the Malones' subsequent appeal. John D. Malone, et al. v. Sears, Roebuck and Co., No. 7686, August 25, 1970. While Sears' request for determination of Zurich's liability arising from any hypothetical judgment in the Malone suit is now moot, the question of Zurich's liability for Sears' expenditures incurred in successfully defending that suit is clearly ripe for decision.

Zurich contends that summary judgment is improper because there exists an issue of fact as to whether Sears complied with the notice provision of the insurance policy. The provision relied upon by Zurich states as follows:

> "8. Notice of Accident. When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents *as soon as practicable*. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names, addresses of the injured and of available witnesses." Defendant's Memorandum in Opposition to Motion for Summary Judgment, p. 1 (Emphasis supplied).

It is undisputed that Sears received notice of the Malone claim on September 8, 1967. Sears was served with summons in the Malone suit on October 5, 1967. Zurich received notice of the Malone claim on November 17, 1967. Zurich contends that this lapse of approximately two and a half months between initial assertion of the claim by the Malones and Sears' notice to Zurich raises a question of fact as to whether Sears gave notice "as soon as practicable."

Whether the time sequence involved here raises a question of fact or law as to the sufficiency of the notice given by Sears is not a material issue within the context of this action. Zurich did not raise a defense based upon late notice until this action was filed. Zurich's refusal to defend Sears in the Malone action was based upon its contention that because the Malone complaint included allegations of improper servicing, Zurich was not obligated to defend Sears in that action.[1] Zurich contended that it had no duty under the insurance policy to defend the Malone action *because of the improper servicing claims*. Plaintiff's Motion for Summary Judgment, Exhibit 3.

Zurich's refusal to defend Sears in the Malone action was based upon legally insufficient grounds. Where a complaint contains allegations covered by an insurance policy, as well as allegations excluded from coverage, the insurer has a duty to defend until such time as the claim or claims are confined to matters not covered by the policy. Sears, Roebuck and Co. v. Liberty Mutual Insurance Co., 199 F.Supp. 769 (N.D.Ill.1961); Sears, Roebuck and Co. v. Travelers Insurance Company, 261 F.2d 774 (7th Cir. 1958). It is clear that six of the Malone allegations would be covered by the policy in question had liability been imposed upon Sears. Refusal to assume the defense of the Ma-

1. Zurich has abandoned this ground as an afirmative defense, as well as its claim that Sears failed to co-operate in the processing of this matter.

lone action violated Zurich's duty under its own policy.

When an insurer has unjustifiably breached its obligation to defend, it can no longer raise other exclusionary provisions of its policy. Sears, Roebuck and Company v. Zurich Insurance Company, (N.D.Ill., No. 68C 1942, September 18,); McFadyen v. North River Ins. Co., 62 Ill.App.2d 164, 209 N.E.2d 833 (1965); Sims v. Illinois National Casualty Co. of Springfield, 43 Ill.App.2d 184, 193 N.E. 2d 123 (1963); 49 A.L.R.2d 755 et seq. Zurich may not now rely on an assertion of "late notice" to justify its wrongful refusal to defend Sears in the Malone action. The court concludes that, as a matter of law, Sears is entitled to reimbursement for its expenditures in defending the Malone suit.

It is therefore ordered that summary judgment be, and it is hereby entered for the plaintiff.

It is further ordered that costs, including attorney's fees, incurred by Sears in the Malone suit as well as in this action be, and they are hereby assessed against the defendant.